WESTERN UNION TELEGRAPH COMPANY v. GREEN SWEARINGEN.

No. 1099. Decided April 14, 1902.

**1.—Telegram—Delivery in Country—Contract.**

A telegraph company undertaking the transmission of a message to the addressee at a town where it had an office, did not thereby agree, not finding him in town, to forward it to his home, seven miles in the country; nor was such obligation imposed on it by the offer of a neighbor of the addressee, who happened in town, to deliver or have it delivered to him at his home. (Pp. 423, 424.)

**2.—Assignment of Error.**

An assignment of error in the charge and verdict in holding a telegraph company liable for failure to send out a message to the addressee in the country, when no undertaking to do so was shown by the pleadings or evidence, involves the sufficiency of the pleadings to show such agreement, though the attention of the appellate court may have been directed to the question from another point of view,—the defendant's right to payment of charges for delivery beyond free limits. (P. 424.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Comanche County.

The telegraph company appealed from a judgment recovered against it by Swearingen, and on its affirmance obtained writ of error.

*Geo. H. Fearons* and *Stanley, Spoonts & Thompson,* for plaintiff in error.—The second assignment of error presented to the Court of Civil Appeals complained of the action of the trial court in instructing the jury that it was the duty of defendant telegraph company to use ordinary diligence to deliver the message to Green Swearingen, irrespective of whether he was within or without the free delivery limits, and the court erred in refusing to sustain such assignment.

There was no contention in the petition that any exercise of diligence on the part of the telegraph company would have effected a delivery without expense to it, save by a delivery to Griffith, and the charge was upon an issue not made by the pleadings or presented by the evidence.

The evidence showed that Swearingen lived beyond the free delivery limits, and that the sender in Fort Worth refused to guarantee the charges when notified to do so. Therefore it followed that a delivery could not have been made to Green Swearingen without extra cost, except by a delivery to Griffith, and it was, therefore, error for the court to submit the issue complained of, in the charge to the jury.

The evidence failed to show any liability on the part of the defendant company, as it was under no obligation to deliver the telegram to Griffith, and the court should have instructed the jury to return a verdict for the defendant.

There was no evidence legally sufficient to warrant a verdict for plaintiff, because it appeared that plaintiff lived beyond the free delivery limits and by the terms of the contract of transmission they were not bound to deliver beyond the free delivery limits unless a special charge

was paid for that purpose, which was not done, and they were not bound to deliver to the witness Griffith, a volunteer.

The verdict of the jury is without evidence to support it, because under the pleadings and evidence there was only one issue to be determined, and that was whether the company was under obligations to deliver the message to the witness Griffith. And he being a stranger to the agents of the defendant and no party to the contract, under the law, the defendant was under no obligations whatever to deliver same to him, and could not be held for negligence in failing to deliver same.

*G. H. Goodsell,* for defendant in error.—A writ of error in this court will not lie unless the error assigned was specifically and distinctly assigned on the original hearing in the Court of Civil Appeals, and again specifically assigned and presented to the Court of Civil Appeals in the motion for rehearing. Rule 1 for Supreme Court; Desmuke v. Houston, 89 Texas, 10; Railway v. Cooper, 85 Texas, 431.

The plaintiff in error did not assign as error in its brief on the original hearing in the Court of Civil Appeals, nor in its motion for rehearing in the Court of Civil Appeals, any assignment of error that under the allegations of the trial petition of the defendant in error in the trial court, or the evidence introduced thereunder in support of the same, the contract declared on was only a contract to deliver the message at and in the city of Comanche; that is, there was no assignment of error presenting the question, that, the allegations of the petition only declaring on a contract to deliver at Comanche, on that phase of the case no obligation was shown in the pleadings for a delivery at any other place. The assignments of error related alone to the fact that there was no obligation to make a delivery elsewhere on account of the fact that Swearingen lived beyond the free delivery limits, and no extra pay was guaranteed for such delivery.

It may be said that the assignments of error are broad enough to include the matter at issue here, but the assignments of error are not submitted in the Court of Civil Appeals in the brief of the plaintiff in error as propositions, but are merely printed as assignments of error, and the propositions submitted to the court are submitted as propositions under said assignments; and in determining what was submitted as grounds of error in the Court of Civil Appeals the propositions can only be looked to, and not one of these propositions, in the opinion of counsel, submit, as ground of error, the matter at issue here. The propositions submit the question only that the company was not bound to deliver beyond the free delivery limit unless the charges were paid or guaranteed.

As interpreted under the light of the circumstances and conditions, the telegram, which was the contract itself, and which was addressed to Swearingen at Comanche, Texas, and which as set out in the petition was to be delivered to him at Comanche, was not a contract restricted as to delivery to the free delivery limits of the city of Comanche, but the

substantial meaning of the same, interpreted in the light of the defendant's rules, was a contract to be delivered to Green Swearingen, "from" its receiving office at Comanche, at such place or places "from" said receiving office as, under the rules of said company, it was bound to make delivery under its said rules. And as under its well established rules it was bound to deliver to him beyond the free delivery limits of said receiving office in the event it could be delivered under their rules free of cost, the contract ought to be construed as a contract to deliver in this particular case beyond said free delivery limits, as it is shown that no extra cost would have been incurred to do so, and the delivery could have been made under its usual custom and rules.

If it be a correct proposition that the contract of the defendant should be interpreted and construed in the light of the rules and regulations, customs and habits adopted and acted on in such matters by the telegraph company, then it is submitted that when a message is addressed to a party "at" one of its receiving offices, that the same is not a contract to be delivered alone "at" said place, or within the free delivery limits of said place, but the same is a contract in the light of said rules, habits and customs adopted and acted upon by the telegraph company, giving to the word "at" a wider and more extended meaning, and that said word "at" is not a word of art, but is a word of interpretation, and is to be given that meaning reasonably and naturally suggested by the context, subject matter, rules, habits, and custom so adopted and acted on: that is to say, it should receive the meaning put upon the word by the rules, habits, and customs of the company in its dealings with the public, and which meaning, according to the evidence in this case, is not restricted to the city of Comanche, or the free delivery limits of the city.

The meaning in the light of the premises before stated would be that the company will safely transmit this message to its receiving office at Comanche, Texas, and from thence it will deliver it to the addressee, at such place or places and under such circumstances as, under the rules, regulations, and customs of the company, it agrees to make such delivery. In this case it would be that the company will transmit this message to its receiving office at Comanche, and from thence it will deliver the same to the addressee without any further charge, if he is to be found within its free established delivery limits; if he is not within said free delivery limits, then the company will incur no expense for a delivery beyond those limits providing in any of the ways recognized by the rules and customs of the company it is protected from any extra expense for such delivery beyond its established free delivery limits.

If I should be correct in the foregoing, and such should be the meaning of the contract as set out in the telegram itself, and construed in the light of the rules and customs before stated, then the allegation in the plaintiff's petition that the delivery was to be made at Comanche, Texas, would in no way restrict the contract, but the same meaning would be attached to the allegation of the petition as of the contract itself.

WILLIAMS, Associate Justice.—Defendant in error recovered judgment for damages for the alleged negligent delay of plaintiff in error in delivering a telegram announcing the death of a son of defendant in error, in consequence of which intelligence he was denied the opportunity of attending his son's funeral.

The petition alleged that on August 1, 1899, plaintiff's son was killed at Fort Worth, and that about 1 o'clock on that day the wife of deceased caused to be delivered at defendant's office in that city for transmission and delivery to plaintiff at Comanche the following telegram: "Fort Worth, 8-1-99. To Green Swearingen: Come. Frank is dead. Mrs. Swearingen;" that defendant received the message, and, in consideration of the charge paid, agreed to deliver the same with reasonable diligence and in reasonable time to plaintiff at Comanche, Texas; that the telegram was received at defendant's Comanche office about 2 o'clock on August 1, 1899; that its agent there, upon inquiry, learned that plaintiff was at his home six or seven miles from the city of Comanche, but that one of plaintiff's neighbors was in town and was pointed out to the agent, and informed the latter that he would carry and deliver the message to plaintiff the same evening or pay any charges for such delivery; that the agent refused to deliver the telegram to such neighbor or tell him the contents of it, and refused to in any way deliver it to plaintiff; that this neighbor was a reliable man who would have delivered the message to plaintiff, and the agent did not refuse to deliver it to him because of any distrust of him and made no inquiry as to his reliability, etc.; that the agent thereupon sent an office message to its Fort Worth office, stating the fact that plaintiff lived seven miles in the country, and that the party representing Mrs. Swearingen in sending the message must pay an extra charge for delivery of the telegram, and that upon receiving this notice such agent guaranteed the additional charge, but that the defendant still failed to deliver the message until August 4th.

There are many other allegations in the petition, but it is upon those stated that the decision depends, as there are no others attempting to show a breach of defendant's contract.

No evidence was introduced to show that Griffith, the neighbor referred to in the petition, proposed to the agent of defendant to pay the cost of sending the telegram to plaintiff at his home; and no attempt was made to establish the allegation that the cost of such a delivery was guaranteed by the party who sent the message. The recovery, therefore, must be sustained, if at all, upon the failure of the company to send out the message by Griffith, the neighbor, or to deliver it in some other way.

The insuperable objection to a recovery upon either ground is that the undertaking of defendant upon receipt of the telegram, as alleged in the petition, was to deliver to plaintiff at Comanche, and not to send it to him at his home, if delivery could not be made at Comanche. As no duty was alleged to deliver at plaintiff's home, its refusal to send the message by Griffith or otherwise would not, under the facts stated in the

pleading, give rise to a cause of action. Whether or not the evidence showed a contract under which it was the duty of defendant to use reasonable diligence to deliver the message to plaintiff at his home without payment or guaranty of the additional cost, we need not determine, since the petition neither alleged such a contract nor stated the facts from which it could be inferred. Telegraph Co. v. Henry, 87 Texas, 165.

It is urged that the ground upon which we rest our opinion was not presented in the briefs in the Court of Civil Appeals. We think it was. By the assignments of error and propositions, complaint was made, in various forms, of the charge of the court and the verdict of the jury for holding defendant liable for its failure to send out the message by Griffith, when no such liability was shown by either pleadings or evidence. This involved the point which we decide. It is probably true that the attention of the Court of Civil Appeals was not directed to precisely the same view of the petition taken by this court, but the assignments of error and propositions were sufficient to require a consideration of the pleadings. Besides, under the view we have expressed, no cause of action was shown by the petition, except by the allegations which were unsustained by evidence.

*Reversed and remanded.*