Western Union Telegraph Company v. A. J. Byrd.

Decided February 20, 1904.

**1.—Telegraph Company—Delivery of Message—Pleading and Proof.**

Where plaintiff's suit was based upon a contract to transmit and deliver a message to his wife in the town of C., and the breach alleged was a failure to so transmit the message with due diligence, and it was not alleged that defendant company undertook to deliver the message to the wife at her home, two and one-half miles from C., a recovery could not be had upon proof showing that the agent receiving the message for transmission was told that the wife lived two and one-half miles out in the country, and that, had the message been more promptly transmitted to C., the agent there would have gotten it out to the wife in time for her to have caught the next train and so been present at her father's funeral.

**2.—Same—Variance.**

Plaintiff must recover upon the contract as alleged, and proof showing a contract essentially different from the one pleaded will not authorize a judgment in his favor.

Appeal from the District Court of Hopkins. Tried below before Hon. H. C. Connor.

*N. L. Lindsley* and *Geo. H. Fearons,* for appellant.

*C. O. James,* for appellee.

TALBOT, Associate Justice.—This action was brought by the appellee to recover of the appellant damages for mental anguish alleged to have been suffered by his wife, Ellen M. Byrd, on account of the failure of appellant to transmit and deliver to her a telegram announcing the death of her father, in consequence of which she was deprived of the consolation of being present at his burial and seeing him before his interment. The case was tried by the court without a jury and resulted in a judgment for appellee in the sum of $300. Mrs. Byrd's father, Robert Wells, and her brother, Tom Wells, were living two miles south of Bells, Texas, and Mrs. Byrd was living two and a half miles from the town of Como, Texas. On Saturday, March 8, 1902, at 3 o'clock p. m., her father died suddenly at his home, and at 8:40 o'clock p. m. on the evening of that day Tom Wells delivered a telegram to appellant's agent at Bells, to be transmitted to his sister, Mrs. Byrd, at Como, Texas. The telegram read as follows: "To Mrs. Ellen M. Byrd, Como, Texas: Father died at 3 p. m. to-day; burial at 4 p. m. Saturday. Tom Wells."

Under the regulations of the telegraph company, the office hours for the transmission of business at Como were from 8 o'clock a. m. to 8 o'clock p. m. during the week days, and from 8 o'clock a. m. to 10 o'clock a. m. and from 4 o'clock p. m. to 6 o'clock p. m. on Sundays. At the time the message was delivered to appellant's agent at Bells the office at Como was closed, and the same was not transmitted and received by the agent at Como until about 10 o'clock a. m. the next day. The agent of appellant at Como was a cousin of appellee, and when the message was received by him he went out to see if he could find some

one by whom he could send it to appellee's wife, and in about ten or fifteen minutes thereafter found appellee's brother, who had just arrived in town, and he delivered the message to him, with the request to carry it to appellee's home and ·deliver it to his wife. Appellee's brother received the message and delivered it to Mrs. Ellen Byrd at her home, about two and one-half miles from Como, at 15 minutes before 11 o'clock that morning. The only train passing Como by which Mrs. Byrd could have reached Bells in time to attend her father's burial left there at 11:35 o'clock the morning she received the telegram, and she did not have time, after getting the message, to go to Como and catch that train.

Appellee's suit is based upon an alleged breach of the contract to promptly transmit the message to Como. He alleges that after the death of his wife's father her brother, Tom Wells, delivered to appellant at Bells, Texas, the telegram for transmission and delivery, paying the charges demanded therefor; that defendant accepted the telegram, and *undertook and agreed to promptly transmit and deliver it to appellee's wife at Como, in Hopkins County, Texas.* Appellee's petition contained other necessary allegations, but none attempting to show a breach of appellant's contract, other than a failure on its part to transmit with proper diligence the telegram to Como.

Upon the trial the appellee was permitted to prove by Tom Wells, over the objections of appellant, that at the time he delivered the telegram to appellant's agent at Bells he told the agent where his sister lived; that she lived two or three miles from Como, and asked the agent if he should pay him extra money to deliver the message; that the agent said, "No; I reckon that will not be necessary." The trial judge reduced his conclusions of fact and law to writing, and it appears therefrom that he reached the conclusion, inasmuch as the agent at Como went out, after the telegram was received by him, and found some one by whom the same could be and was conveyed to Mrs. Byrd at her home, that if said telegram had been promptly transmitted to Como Sunday morning said agent would have delivered it in time for Mrs. Byrd to have caught the train at Como and reached Bells in time to have attended her father's funeral; or that if the testimony did not authorize that conclusion, he could have notified the sending office of the required extra charge, and received an answer (which, considering the testimony of Tom Wells, would have guaranteed the extra charge) in plenty time for him to have sent the message to Mrs. Byrd and enabled her to catch the train.

The correctness of the court's ruling in admitting the testimony of Tom Wells, above quoted, and rendering judgment for the appellee, is challenged on the ground that the allegations of appellee's petition did not authorize either. This contention is believed to be correct and must be sustained. Appellee's suit is predicated upon a contract to transmit and deliver the message to his wife in the town of Como, Texas. The breach alleged is the failure to so transmit said message with proper

diligence and dispatch. It is not alleged that appellant undertook or agreed to deliver the message to Mrs. Byrd at her home two and one-half miles from Como, or at any other place, except in Como. If it be conceded that the conversation between Tom Wells and appellant's agent at Bells, when the message was delivered to the agent, constituted an agreement on the part of the telegraph company to transmit the message to Como, and to deliver the same to Mrs. Byrd at her home in the country, still the facts were not alleged and appellant apprised by appellee's pleadings that such an agreement would be relied on and a recovery sought upon that ground. Without proper allegations such testimony was inadmissible, and, being admitted, furnished no basis for a judgment. A judgment must be supported by both allegations and proof. The absence of either is fatal to the judgment. It is elementary that one suing upon a contract must recover upon the contract alleged. If he proves a contract essentially different from that alleged, he is not entitled to recover. Morris v. Kasling, 79 Texas, 145; Gammage v. Alexander, 14 Texas, 418; Western U. Tel. Co. v. Smith, 88 Texas, 9, 30 S. W. Rep., 549.

In the case of the Western U. Tel. Co. v. Swearingen, 95 Texas, 420, 67 S. W. Rep., 767, it was alleged in effect that the plaintiff's son had been killed in Fort Worth, and the wife of the deceased caused a telegram to be delivered to the company's agent at that place, to be transmitted and delivered to plaintiff at Comanche. The company received the message August 1st, and agreed to deliver the same at Comanche. It reached the Comanche office, and the agent there upon inquiry ascertained that plaintiff was at his home, six or seven miles from the city of Comanche, but that one of plaintiff's neighbors was in town, and informed the agent that he would carry and deliver the message to plaintiff the same evening, or pay any charges for such delivery. That the agent refused to deliver the telegram to such neighbor, or tell him the contents of it, and refused to in any way deliver it to plaintiff. That his neighbor was a reliable man, and the agent did not refuse to deliver it to him because of any distrust of him. That the agent then sent an office message to its Fort Worth office, stating the fact that plaintiff lived seven miles in the country and that an extra charge must be paid for the delivery of the message; that upon the receipt of this notice the agent at Fort Worth guaranteed the additional charge, but the defendant still failed to deliver the message until August 4th. No evidence was introduced to show that plaintiff's neighbor, referred to in the petition, proposed to the company's agent to pay the cost of sending the telegram to plaintiff at his home, and no attempt was made to prove the allegation that the cost of a delivery was guaranteed by the party who sent the message. Under these pleadings, and the proof, Judge Williams, speaking for the court, says: "The recovery, therefore, must be sustained, if at all, upon the failure of the company to send out the message by Griffith, the neighbor, or to deliver it in some other way. The insuperable objection to a recovery upon either ground is, that the

undertaking of defendant upon receipt of the telegram as alleged in the petition was to deliver to plaintiff at Comanche, and not to send it to him at his home, if delivery could not be made at Comanche. As no duty was alleged to deliver at plaintiff's home, its refusal to send the message by Griffith or otherwise would not, under the facts stated in the pleadings, give rise to a cause of action."

And so in this case no duty was alleged to deliver the message to Mrs. Byrd at her home. The contract alleged was an undertaking on the part of the company to deliver the telegram at Como. The uncontroverted evidence shows that Mrs. Byrd was not in Como when the telegram was received there, and was not there at any time that day before the train passed which she should have taken in order to reach Bells in time to be present at her father's funeral. Had she been in Como when the message was received there, it would have been delivered in ample time for her to have taken the first train to Bells. The cause of action shown by the petition is not sustained by the evidence, and the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*