## STALEY v. GILLEAN.

(Court of Civil Appeals of Texas. Dallas. April 20, 1912.)

1. TRIAL (§ 251*)—ACTION FOR RENT—INSTRUCTIONS.

In an action for rent, an instruction to find for the lessee if the lessor fraudulently represented prior to the making of the lease that he would establish a road to the premises, and if this representation was by mistake or fraud not inserted in the lease, was reversible error, the jury having returned a general verdict for defendant, where the only reference to such representations in the trial amendment to the answer was an allegation that the lessee had a right to abandon the premises for false representations as to the right of way and passageway thereto as set out in the amended answer, and where the amended answer did not allege the making of any such representations, but alleged that the lessor represented that a road then existing was a public road, and that after such road was fenced up he promised to provide a new road.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

2. JUDGMENT (§ 248*)—CONFORMITY TO PLEADINGS AND PROOF.

A judgment must be supported by both allegations and proof, and the absence of either is fatal.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 434, 439–440; Dec. Dig. § 248.*]

3. APPEAL AND ERROR (§ 1066*)—INSTRUCTIONS—CONFORMITY TO PLEADINGS AND PROOF.

The submission of an issue not made by the pleadings or proof is reversible error, unless it clearly appears that the jury was not misled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

4. TRIAL (§ 251*)—INSTRUCTIONS—CONFORMITY TO PLEADINGS.

In an action for rent, where the lessee claimed a shortage in the amount of the land represented by the lessor, and set up a plea of reconvention to recover a portion of the rent already paid, it was error to instruct the jury to find absolutely for the lessee if such representations were falsely made and were omitted from the lease by mistake or fraud.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

5. APPEAL AND ERROR (§ 1068*)—INSTRUCTIONS—HARMLESS ERROR.

Where, in an action for rent, the jury were told to find absolutely for the lessee if he had been released from liability by the lessor or if the lessor made fraudulent representations as to the number of acres, and also to find for defendant on his special plea of reconvention for the reasonable rebate of the rent already paid, if there was any such shortage, and a general verdict for the lessee was returned, the error, in permitting an absolute finding for defendant for the representations as to acreage, cannot be disregarded; it not being apparent that the verdict was not based on that ground rather than the release.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

6. TRIAL (§ 251*)—INSTRUCTIONS—CONFORMITY TO PLEADINGS.

Where the answer in an action for rent alleged that representations as to the acreage of the premises were omitted from the lease by

"oversight, inadvertence, and mistake," an instruction to find for the lessee if they were omitted by "fraud or mistake" was inaccurate and should have followed the language of the answer.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

Appeal from Navarro County Court; J. M. Blanding, Judge.

Action by W. H. Staley against H. C. Gillean. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Richard Mays and R. S. Neblett, both of Corsicana, for appellant. Callicutt & Call and W. W. Ballew, all of Corsicana, for appellee.

TALBOT, J. Appellant instituted this suit against the appellee on June 23, 1908. The case was tried on an amended petition filed July 23, 1909. The object of the suit was to recover upon a lease contract alleged to have been made between appellant and appellee about the 14th of February, 1906, by which appellant leased to appellee 482 acres of land, more or less, on the M. J. Tidwell survey in Navarro county, for a term of approximately three years, ending on the 31st day of December, 1908. It was alleged by appellant that appellee promised and bound himself to pay to Staley, appellant, $1,300, as follows: $300 on the 1st of September, 1906; $500 on the 1st of September, 1907; and $500 on the 1st of September, 1908. It was further alleged that $112.25 had been paid on the installment due September 1, 1907, leaving a balance of $387.35 due. Appellant further claimed that appellee failed to comply with the terms of his contract for 1907; that he abandoned his crop; and that appellant was compelled to spend about $150 in having the same gathered, which was taken as an offset to the $112.25 unpaid by appellee. Appellant prayed for judgment against appellee only for the sum of $387.35, being the balance due on the $500 rent for the year 1907, together with interest at the rate of 10 per cent. per annum, and that he recover the additional sum of $150 covering the expense for growing and gathering the crop made necessary by the breach of the contract on the part of appellee. The defendant in his amended answer pleaded general and special demurrers, a general denial, and specially that plaintiff, in 1907, released him from the contract sued on and rented the land described therein to J. D. Kilgore; that appellant's agent showed him a road leading to the land prior to his leasing the same, and represented that said road or passway was a public road and would remain open so appellee could get into and out of the rented premises during the period of the lease; that relying upon that representation and statement, and believing the same to be true, and that the roadway was and would continue to be a public and permanent roadway, he made the contract sued on, etc.; that afterwards the road-way was fenced up, rendering the premises worthless; that he called upon appellant to open a roadway; that appellant promised continuously to do so during the year 1906, stating that he would purchase a strip of land from Witherspoon and others and open up a road, which he failed and refused to do, and then promised to relieve appellee from the contract; and that he was relieved about the 1st of March, 1907. Defendant also sought to recover against appellant on a plea of reconvention, claiming that there was a shortage in the cultivated land on the rented premises amounting to 81 acres, and appellant had falsely and fraudulently represented that the cultivated land contained 250 acres, and that by oversight, inadvertence, and mistake this representation and agreement was omitted from the written contract. By supplemental petition the plaintiff pleaded a general demurrer, general denial, the statute of limitation, and special exceptions directed to certain allegations of the defendant in regard to the promise of the plaintiff to open a roadway to the rented premises, and a special plea that the pretended release of appellee from his contract with appellant was void, without consideration, in contravention of the statute of frauds, and also filed a replication to the trial amendment setting up limitations, etc. The case was tried January 23, 1911, before the court and a jury, and the trial resulted in a verdict and judgment that the plaintiff take nothing by his suit and that the defendant recover on his plea in reconvention of the plaintiff the sum of $160 with interest and costs of suit.

[1] The first assignment of error complains of that portion of the third paragraph of the court's general charge, which is to the effect that, "if, at and prior to the making of the lease, plaintiff fraudulently represented to defendant that he would establish a public road and passway into the rented premises, which was a material inducement to defendant's making the contract, and that plaintiff failed so to do, whereby the premises could not be reasonably and fairly used and occupied by defendant for the purposes for which he rented same, and that said representation was, by mistake or fraud, not inserted in the written contract of lease, which was material, to find for the defendant." This charge is objected to on the ground that there are no allegations in the pleadings making the issue therein submitted. The objection seems to be well taken. The record shows that a special exception, urged by the plaintiff to that portion of the defendant's amended answer setting up that plaintiff and his agent showed him a road leading to the premises in question and represented that it was a public road and would remain open, that afterwards said road was fenced up, rendering said premises worthless, etc., upon the ground that the lease

contract did not contain any stipulation or agreement with reference to a roadway, and that said answer was an attempt to add to and vary by parol the terms of a written contract, was sustained, because it was not alleged that the matters set up in regard to the roadway were omitted from the written contract "by accident, mistake, or fraud." The trial amendment filed by the defendant charges that when the contract in regard to the leasing of the plaintiff's land "was reduced to writing, by oversight, inadvertence, and mistake of both parties, there was not inserted in said written contract the number of acres in cultivation, as being 250 acres, although it was a part of said contract"; but it is not alleged therein that any matter set up in reference to the roadway was left out of the written contract by "oversight, inadvertence, and mistake," or that by "mistake or fraud" it was not inserted in said contract. Aside from this, however, we find that the defendant did not in any of his pleadings allege that, at and prior to the making of the lease, the plaintiff fraudulently represented to defendant that he would establish a public road or passway into the rented premises. The allegations are, in substance, that the plaintiff and his agent showed him a road or passageway leading to the land just prior to the leasing of the same to defendant and represented to defendant that said passageway was a public road and would remain open so that defendant could get into and out of said rented premises during the period of the lease; that afterwards said road was fenced up, and defendant had no way to go into or out of said premises, which rendered the land absolutely worthless to defendant; *that immediately after said road was fenced up* defendant called on the plaintiff to furnish him a road to the land; that plaintiff promised him continually during the year 1906 that he would do so, and that if he did not by the first of the second year of the lease (1907) that he (plaintiff) would cancel the lease and relieve defendant of all the obligations assumed by him by reason thereof, which was agreed to by defendant. The allegations of the trial amendment relate almost exclusively to shortage claimed in the number of acres of tillable land; the only reference to the road in question being contained in the following sentence: "This defendant says therefore that he has the right to abandon said premises for the year 1907 and turn the same back to the plaintiff, and that the plaintiff cannot hold the defendant for the $500, for said premises for the year 1907, on account of said false and fraudulent representations, both as to the amount of acreage in cultivation *and as to the right of way and passageway into said premises as set out in the defendant's amended answer.*" (Italics ours.)

[2] It is an established rule, by the decisions of this state, that a judgment must be supported by both allegations and proof; that the absence of either is fatal to the judgment. Western Union Tel. Co. v. Byrd, 34 Tex. Civ. App. 594, 79 S. W. 40, and cases there cited.

[3] It is also well settled that it is reversible error to submit an issue for the determination of the jury not made by the pleadings, or the evidence, unless it clearly appears that the jury was not misled thereby. Andrews v. Smithwick, 20 Tex. 111; Railway Co. v. Gilmore, 62 Tex. 391; Wood v. Texas Cotton Product Co., 88 S. W. 496. The jury were instructed by the charge complained of that, if they should conclude that the facts grouped in said charge existed, to return a verdict for the defendant, and the verdict being a general one in favor of defendant, we are unable to say that it is clear that the jury were not misled by the charge. Indeed, it may be, for aught we know from the record, that their finding, to the effect that plaintiff was not entitled to recover anything on the contract sued on, was based alone on the conclusion that plaintiff had at and prior to the making of the lease fraudulently represented to defendant that he would establish a public road into the rented premises, and had failed to do so, etc.

[4] The third assignment of error is as follows: "The court erred in charging the jury, in paragraph 4 of the main charge, to the effect that if, at and prior to the time of the making of the lease, plaintiff fraudulently represented that there were 250 acres of tillable land on the premises, and guaranteed the same, and that by mistake or fraud said representation was not inserted in the written contract of lease, which representation was material, to find for defendant." This assignment must be sustained, because, as contended by appellant, it authorized a recovery for appellee, and permitted the entire defeat of appellant's right of recovery for rents for 1907, if there was a false and fraudulent representation as to there being 250 acres of land in cultivation, when in fact there was less, and this representation was by mistake or fraud omitted from the written contract; whereas the pleadings of appellee only sought and authorized a recovery on appellee's plea in reconvention, for the shortage in the cultivated land upon which the rent for 1906 was paid. Defendant did not seek to defeat entirely a recovery by plaintiff on the ground that at and prior to the time of the making of the lease contract he fraudulently represented that there were 250 acres of tillable land on the rented premises. He only sought to recover on his plea in reconvention the reasonable rental value of the shortage in the cultivated land upon which the rent was paid for 1906. The charge under consideration, however, instructed the jury, in effect, to find absolutely

for the defendant if they believed from the evidence that plaintiff fraudulently represented to defendant that there were 250 acres of land in cultivation, when in fact there were less.

[5] We do not concur in the contention of appellee that, if the charge was erroneous, appellant cannot complain, as the error "was invited, and no injury is shown, as it is apparent from the verdict of the jury that the judgment was based upon the fact that appellee had been released, in 1907, from any further liability upon said contract, and a new tenant, J. D. Kilgore, had been substituted in his place. Whether defendant had been released from the contract sued on was a sharply contested issue; and we find nothing in the record that justifies the conclusion that the error complained of was invited by the plaintiff, nor is it apparent from the verdict of the jury, or otherwise, that their finding to the effect that plaintiff was not entitled to recover anything was based upon the fact that appellee had been released from the contract sued on in 1907. They were instructed in a separate paragraph of the court's charge, in addition to the instruction complained of by the assignment under consideration, in substance, that if it was agreed between the plaintiff and the defendant in the spring of 1907 that the plaintiff would accept J. D. Kilgore under the terms of the lease contract as his tenant and look to him for his rents, and further agreed to release defendant from liability on said contract, to find for defendant. The jury was also instructed, in effect, that if, at the time the lease contract was executed, the plaintiff represented to the defendant that there were 250 acres of the land rented him in cultivation, and there was a material shortage in the same, etc., to find for the defendant against the plaintiff for such amount as is a reasonable rebate on the rent paid for the year 1906. So that the jury was authorized by the court's charge to return an absolute verdict in favor of the defendant, either if they believed the plaintiff, at the time of the making of the lease contract, fraudulently represented that there were 250 acres of cultivated land on the leased premises, when in fact there was a less number of such acres, or if they believed the plaintiff released the defendant in the spring of 1907 from liability on said contract, and in addition to their absolute verdict they were authorized to find for the defendant on his plea in reconvention, such an amount as was a reasonable rebate on the rent paid for the year 1906, because of the shortage in the number of acres of tillable land. The jury returned a general verdict in favor of appellee against appellant, to the effect that appellant take nothing by his suit, and in favor of appellee on his plea in reconvention for the sum of $160, as rent on the alleged shortage in tillable land. In this state of the record it is manifest that the court's charge here complained of was erroneous.

We are also of the opinion that the court erred, as is contended by the appellant in his sixth assignment of error, in instructing the jury, at appellee's request, that the testimony of the witnesses A. V. Partain and Monroe Palmer could be considered by them for no purpose whatever except in so far as the same tended to affect the credibility of the witness Kilgore. Some of the testimony of these witnesses, and especially that of A. V. Partain, was legitimate and competent to be considered in determining the issues of whether there was a fraudulent representation as to the number of acres of cultivated land on the rented premises, and as to whether or not the appellee Gillean had been released by the appellant from liability on the contract sued on. By the charge complained of all this testimony was excluded from the consideration of the jury, except for the purpose of impeaching appellee's witness J. D. Kilgore. This we think was error.

There are several other assignments of error, but we deem it unnecessary to discuss them in detail. We have examined them with care, and while some of the court's rulings of which they complain are not, perhaps, entirely free from error, and the same should be avoided on another trial, yet neither of them is of such a character as to constitute of itself reversible error. For instance, special charge No. 4, given to the jury at the request of defendant, is apparently in conflict with the court's general charge on the subject to which it relates, and special charge No. 8, in view of the fifth paragraph of the court's general charge on the same subject, gives, perhaps, too great prominence to the issue as to whether or not the appellant falsely represented the number of acres of land in cultivation on the rented premises.

[6] Special charge No. 8 is also inaccurate, in that it authorized a verdict in favor of the defendant for the reasonable rental value of the tillable land short of the acreage represented to be tillable, if the jury believed the appellant represented that there were 250 acres of tillable land on the premises leased, and that this part of the agreement was omitted from the written contract by "fraud or mistake" instead of by "oversight, inadvertence, and mistake" of the parties as alleged in the pleadings. The special charge would have been more correctly drawn had it conformed to the language of the pleading referred to and a possible error thereby avoided. It is proper to further state, in this connection, that the evidence tending to show that any verbal agreement made by the parties was omitted from the written contract sued on by "fraud or mistake" or by "oversight, inadvertence, and mistake," is not entirely satisfactory.

For the reasons indicated, the judgment of the lower court is reversed, and the cause remanded.