## STEWART v. WESTERN UNION TELEGRAPH CO.

(Court of Civil Appeals of Texas. Austin. July 5, 1913.)

1. TELEGRAPHS AND TELEPHONES (§ 37*)—TELEGRAM—DELIVERY.

Where three telegrams were delivered to a telegraph company, two addressed to "J. C. Stewart, Bernice, La.," and the other to "J. C. Stewart, Junction City, Ark.," the contract was to deliver the telegrams to J. C. Stewart at those places, and the company was not required to deliver the telegrams when, at the time, the addressee was stopping in the country six miles from Bernice, La., and ten miles from Junction City, Ark.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 23, 24, 29, 30, 32; Dec. Dig. § 37.*]

2. EVIDENCE (§ 413*)—PAROL EVIDENCE—TELEGRAM.

Where a telegram was addressed "to Calvin Stewart, Bernice, La., care Frank Johnson, phone," it does not contradict the telegram to show, by parol testimony, that the company accepted it and undertook to deliver it, by telephoning same from its office at Bernice to the addressee at the residence of Frank Johnson.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1855–1857, 1859, 1860; Dec. Dig. § 413.*]

3. EVIDENCE (§ 413*)—PAROL EVIDENCE—TELEGRAM.

If the word "phone" had not been written in the face of the telegram, it could have been

proved that the company's agent agreed, for a valuable consideration, to deliver the message by telephone from its office at Bernice, La., to the addressee.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1855–1857, 1859, 1860; Dec. Dig. § 413.*]

Appeal from District Court, Sterling County; J. W. Timmins, Judge.

Action by J. C. Stewart against the Western Union Telegraph Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

E. R. Yellott, of Lockhart, and Dubois & Loveland, of San Angelo, for appellant. Ed J. Hamner, of Sweetwater, and Geo. H. Fearons, of New York City, for appellee.

JENKINS, J. This is a suit ·to recover damages by reason of alleged failure of appellee to deliver certain telegrams to appellant. A general and also several special demurrers were sustained by the court, and appellant declining to amend, the suit was dismissed.

[1] It is alleged that appellant's father died at Sterling City on December 27, 1911, and that on that day appellant's brother Roy delivered to appellee two telegrams at Sterling, Tex., one directed to appellant at Bernice, La., and one to him at Junction City, Ark., each of said telegrams reading: "Father died this morning, come at once." Also that on the same day appellant's brother John delivered to appellee a telegram at Snyder, Tex., directed to appellant at Bernice, La., which read: "Father died this morning, come at once to Sterling." It is alleged in appellant's petition that at the time said telegrams were sent he was stopping with Frank Johnson, who lived in the country, six miles from Bernice, La., and ten miles from Junction City, Ark. The court did not err in sustaining appellee's exceptions to the petition in so far as it related to these three telegrams. The petition alleges that appellee undertook to transmit two of these telegrams to Bernice, La., and one of them to Junction City, Ark. It is not alleged that it did not promptly do so. The contract as alleged was to deliver these telegrams to appellant at those places; but, as the petition shows that appellant was not then at either of these places, but was six miles from one and ten miles from the other, appellee was not required to deliver said telegrams to appellant at the place where he then was. Telegraph Co. v. Swearingen, 95 Tex. 420, 67 S. W. 767; Telegraph Co. v. Shockley, 57 Tex. Civ. App. 30, 122 S. W. 945; Telegraph Co. v. Byrd, 34 Tex. Civ. App. 594, 79 S. W. 40.

[2, 3] Appellant alleged that a fourth telegram was sent to him by his brother John, which read as follows: "To Calvin Stewart, Bernice, La., care Frank Johnson, phone: Father died this morning, come at once to Sterling City." Appellant alleges that at the time said telegram was sent he paid all charges demanded by the agent of appellee for the transmission and delivery of same, and that appellee accepted the same, and undertook to deliver it and to phone same to Frank Johnson, from either Junction City, Ark., or Bernice, La., that Frank Johnson was well known at each of said places, and had phone connections therewith, and that the failure to phone said message to Frank Johnson was negligence. There are other necessary allegations, which it is not necessary to here set out. Appellee excepted to the allegations with reference to phoning said telegram as an attempt to vary the written contract, as evidenced by said telegram set out in hæc verba, by oral testimony. We think the court committed error in sustaining this exception. This allegation did not contradict the telegram, which by the use of the word "phone" contained a direction to phone said telegram, either to Frank Johnson, or to appellant at the residence or place of business of Frank Johnson. If the word "phone" had not been written in the face of the telegram, it would nevertheless have been permissible to prove that appellee's agent, for a valuable consideration, agreed to phone said telegram from its office at Bernice, La., to appellant at Frank Johnson's residence, or to said Johnson, and such evidence would not have been in contradiction of the telegram.

For the error of the court in sustaining the demurrer last above referred to, the judgment herein is reversed, and the cause remanded.

Reversed and remanded.