WESTERN UNION TELEGRAPH CO. v. FABIAN. (No. 5702.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 18, 1916. On Rehearing, Nov. 15, 1916. Further Rehearing Denied Dec. 13, 1916.)

On Rehearing.

1. TRIAL ⬩251(2)—INSTRUCTIONS—CONFORMITY TO PLEADINGS.

Where plaintiff alleged negligent failure to deliver a death message to him at the address given, and that he was at such address, and the evidence showed he was 2½ miles distant from the town named, an instruction permitting recovery though the message could not have been delivered at the address, on the theory that the sender told the agent plaintiff might be at the other place, was erroneous, as on an issue not made by the pleadings.

[Ed. Note.—For other cases, see Trial, Cent. Dig § 589; Dec. Dig. ⬩251(2).]

2. TELEGRAPHS AND TELEPHONES ⬩37(6) — FAILURE TO DELIVER MESSAGE—LIABILITY.

Where the addressee of a death message, in his action for negligent failure to deliver it, alleged a contract only to deliver at a named town, but failed to allege a contract to deliver by phone to a residence where addressee stayed, it was immaterial that there was a phone connection from such town to such residence.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 29, 32; Dec. Dig. ⬩37(6).]

Appeal from District Court, Grimes County; S. W. Dean, Judge.

Action by Will Fabian again the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed. On petition for rehearing, rehearing granted, former opinion set aside, and judgment reversed, and cause remanded for new trial.

---

John M. King and Geo. A. Hill, Jr., both of Houston, Geo. D. Neal, of Navasota, and C. A. Goeth, of San Antonio, for appellant. W. W. Smith and W. E. Neeley, both of Anderson, and Haynes Shannon, of Navasota, for appellee.

MOURSUND, J. This is an action brought in the district court of Grimes county by Will Fabian against the Western Union Telegraph Company to recover damages in the sum of $2,000 for failure of the defendant to deliver a certain telegram addressed to the plaintiff at Cottonwood, Tex. The plaintiff alleged that his father died suddenly June 20, 1913, and that at 4:30 p. m. June 20th a telegram was delivered at Anderson, Tex., for transmission to Cottonwood, advising him of the death of his father, and that he was at the town of Cottonwood, and if the message had been promptly transmitted he would have received the same in time either to have arrived at Anderson in time for his father's funeral on June 21st, or else could have notified his relatives to have the funeral postponed until his arrival. It is alleged that the telegram was never delivered by defendant, and the damages sued for are alleged to have resulted from plaintiff's inability to have attended his father's funeral.

Following its demurrers, exceptions, and denials, defendant specially pleaded that it received the message for transmission at 5:10 p. m. June 20th at Anderson, and that it had no telegraph office at Cottonwood, but only telephone communication with its nearest telegraph station at Cross Plains; that defendant had to relay the message via four stations in order to communicate with Cross Plains, and then had the message phoned from Cross Plains to Cottonwood; that the Cross Plains office was open only from 6 a. m. until 6 p. m.; that defendant promptly transmitted the message and attempted to deliver the same at Cottonwood, but that the plaintiff was never at Cottonwood at any time subsequent to the delivery of such message to defendant at Anderson for transmission; that delivery of such message was impossible; and that plaintiff's absence from the town of Cottonwood was the proximate cause of defendant's failure and inability to deliver the message to him and the proximate cause of his failure and inability to be present and attend the funeral of his father.

The trial resulted in a verdict and judgment in favor of plaintiff for $1,000.

By the first two assignments it is contended that no issue of negligence should have been submitted to the jury, and that a peremptory instruction should have been given in favor of defendant. The third assignment complains of the failure to give a special charge which contains an issue covered fully by the main charge of the court, and unnecessary to be repeated. As a part of the assignment appellant urges certain contentions, which could relate only to the assignments wherein it is contended that there was no issue to submit to the jury. This assignment is grouped, improperly, we think, with the first two assignments.

The only proposition relied on under the three assignments is to the effect that, if the facts be as contended by appellant, the negligent delay in transmitting the message could not have been the proximate cause of plaintiff's damages, and the failure of plaintiff to be at the place where defendant contracted to deliver the message would be the sole, proximate cause. The evidence bearing on this issue is as follows: The message was delivered to the defendant's agent at Anderson, Tex., by Norris Fabian at 4:30 p. m. on June 20, 1913. When he delivered the message he told defendant's agent at Anderson that plaintiff's father-in-law had died at Cottonwood, at Mr. Steve Gafford's, and that plaintiff had gone there to attend the funeral. Plaintiff arrived at Cottonwood at about 8 a. m. on June 20th. Cottonwood is a small town, described by the plaintiff as a very small place having "two, three, or four stores." Plaintiff testified that he left these stores at about 4 o'clock in the afternoon on June 20th, and went to the house of his brother-in-law, Gafford, "a little piece from town, about three-quarters of a mile." He testified that he remained at his brother-in-law's house until the next morning about 4 or 5 o'clock, and then went to Cross Plains, arriving there at about 7 a. m. He took the train there at 8 a. m. for De Leon, Tex. Mrs. Gafford testified that plaintiff was at her house on June 20th from about 2:30 p. m. until about sundown; that plaintiff and Mr. and Mrs. Gafford then went to Walter Childress' house and remained overnight; that early the next morning plaintiff and Childress left for Cross Plains. Defendant's nearest telegraph office was at Cross Plains, a town situated about seven miles from Cottonwood. The messages for Cottonwood were transmitted by telephone from Cross Plains or some other telegraph station. Gafford had a telephone connected with the telephone exchange at Cottonwood. At about 7:30 or 8 o'clock in the morning on June 21st a call was received by the Cottonwood Telephone Exchange from the telegraph operator at Cross Plains for plaintiff in care of Gafford's. The operator informed Mrs. Gafford that it was a death message. Mrs. Gafford stated that plaintiff had gone to Cross Plains to take the train for De Leon, and requested that the message be delivered to him at Cross Plains or De Leon. Plaintiff had already taken the train, so the message was not delivered to him at Cross Plains, nor was it ever delivered to him.

We are of the opinion that the evidence warrants a finding that the negligence of the telegraph company in failing to promptly transmit the message was the proximate cause of the damages suffered by plaintiff.

Had the message reached Cottonwood at any time prior to sundown on June 20th, it would undoubtedly have been communicated promptly to plaintiff. The defendant company had been informed that he would be at Gafford's; in fact, it tried to get him at Gafford's on the morning of June 21st. The message had to be telephoned to Cottonwood, as defendant knew, and Gafford had a telephone connected with the Cottonwood exchange.

The first three assignments are overruled.

The fourth assignment of error reads as follows:

"The court erred in granting and giving special charge No. 1 requested by plaintiff, which charge reads as follows: 'Gentlemen of the jury, you are further charged that, although you believe from the evidence that the telegram and message described in plaintiff's petition was directed to Cottonwood, Tex., still, if you believe from the evidence that the sender of the message actually told the agent of the defendant at Anderson, Tex., where Will Fabian could be found near Cottonwood, Tex., and in obedience to such instructions the agent of the defendant gave the name and address of the party near Cottonwood, Tex., then, if the name of the party was given where Will Fabian could be found, the defendant would not be relieved from the duty of delivering said message to Will Fabian at Cottonwood, but would be required to attempt to deliver the message to Will Fabian at the actual address given'—in this: The issue submitted to the jury in said charge is not supported by the evidence or any allegation in plaintiff's petition, as shown by defendant's bill of exception No. 2, to said charge."

The following proposition is submitted under this assignment:

"Where the cause of action alleged was failure to perform a contract to transmit and deliver a telegram to plaintiff at a specified town, it is error to submit the issue to the jury as a basis for recovery of the failure of the defendant to deliver the telegram to the plaintiff elsewhere, and the telegraph company is under no obligation to make delivery at any place other than as contracted."

The charge states an incorrect proposition of law as applied to the pleadings in the case, for no contract was pleaded to the effect that defendant bound itself, to deliver the message to Will Fabian at Gafford's. Plaintiff pleaded that defendant company agreed to transmit and deliver the message to him at Cottonwood; that in order to do so it would be necessary to telephone the message from Cross Plains to Cottonwood. Had defendant complied with this agreement with due diligence, and informed the telephone operator at Cottonwood that plaintiff was supposed to be at Gafford's the message would undoubtedly have reached him on the afternoon of June 20th. Cottonwood had no established defined limits, and in general parlance a man living three-quarters of a mile from the stores and post office, and having telephone connection with the local exchange, would undoubtedly be said to live at Cottonwood. Western Union Tel. Co. v. Wilson, 152 S. W. 1169.

The effect of the special charge on the jury could have been no more than to inform them that, if plaintiff could have been reached at Gafford's, the defendant should have done so. The court had virtually given the same instruction in his general charge, because he assumed that plaintiff left Cottonwood on the evening of June 20th. The evidence is undisputed that he left the stores in the afternoon, one witness stating the time at 2:30 o'clock, while plaintiff testified it was at 4 o'clock. If the court had meant this departure, he would not have submitted any issue as to liability, for the undisputed evidence showed that the telegram had not been received by the defendant company at that time. He must have meant the time when plaintiff left Gafford's, namely, about sundown. As the legal effect of the two charges as applied to the undisputed evidence was the same, and the special charge could not have been prejudicial on the issue whether the message by due diligence could have been transmitted to Cottonwood before plaintiff left Gafford's, we conclude the judgment should not be reversed on account of the giving of the special charge.

The judgment is affirmed.

### On Rehearing.

[1] In holding that the error pointed out in the fourth assignment of error was immaterial, we assumed that the evidence showed Gafford's residence to be about three-quarters of a mile from the stores and post office. In this we erred, for there is a conflict in the testimony. Mrs. Gafford testified that their residence was about 2½ miles southwest of Cottonwood. This testimony, if believed by the jury, would establish that Will Fabian on June 20, 1913, was not at Cottonwood after about 4 or 5 o'clock p. m. At one place in his testimony we found the statement that he left Cottonwood that evening and went out a little piece from town, he supposed "somewhere about 4 or 5 o'clock." At another place he fixes the time at about 4 o'clock. Again he testified it was "somewhere late in the afternoon, about 4 o'clock." If the telegram could not have been delivered to him at Cottonwood, appellant is not liable under the pleadings. The special charge authorized the jury to find for plaintiff if it could have been delivered near Cottonwood, that is, at Gafford's, even though it was 2½ miles from Cottonwood. This was submitting to the jury an issue not made by the pleadings, and undoubtedly was error under the decisions cited in the former opinion. The verdict was probably returned under this charge, for Mrs. Gafford's testimony as to the distance she resided from the stores and post office would be much more apt to be believed than that of Will Fabian, the plaintiff, who was a visitor to that section, and whose recollection with regard to other matters appears not to have been good. We stated in our former opinion that the trial court must have assumed that Gafford's

place was at Cottonwood. We based this upon the fact that he assumed that plaintiff left Cottonwood on the evening of June 20, 1913. We based our theory upon the fact that plaintiff testified he left there at 4 o'clock, which, if true, would conclusively show that the telegram could not have been delivered to him at Cottonwood before his departure. We find, as above shown, that plaintiff's testimony on this point left it uncertain whether he left at 4 or 5 o'clock. He described the time once as in the "evening" about 4 or 5 o'clock, and again as being late in the afternoon at about 4 o'clock. The court may have concluded that from this testimony the jury could find that the message could have reached Cottonwood and been delivered prior to such departure. It was delivered to appellant's agent, as testified by Norris Fabian, between 4:20 and 4:30 on the afternoon of June 20th. The court said:

"If you believe that the message could not have been delivered to the plaintiff, Will Fabian, at Cottonwood before the said Will Fabian left Cottonwood on the evening of June 20, 1913, and by the exercise of ordinary care on the part of the defendant company, you should find for the defendant."

Again the court said:

"If you believe from a preponderance of the evidence that the defendant company was guilty of negligence in not transmitting the message to Cross Plains in time for it to be sent from there to Cottonwood before the plaintiff had left Cottonwood, and believe that but for such negligence, if you find the company was negligent, the message could have been delivered to plaintiff at Cottonwood in time for him to have attended the funeral, then you will find for the plaintiff and assess his damages at such sum as in your sound judgment will compensate him for the mental distress that he suffered by reason of the failure to be present at the funeral of his father."

While the court assumes that plaintiff left Cottonwood on the evening of June 20th, this expression in itself cannot be taken to mean the departure from Gafford's at about sundown, testified to by Mrs. Gafford; for plaintiff himself in testifying used the expression that he left Cottonwood, meaning the stores and post office, in the evening. In addition it was a disputed issue whether plaintiff left Gafford's at all that afternoon or night, and the court would not undertake to assume as a fact that he did leave at sundown. The court undoubtedly sought in his main charge to leave it to the jury whether the message could have been delivered to plaintiff at Cottonwood on June 20th. Under this charge the jury could weigh all the evidence, and, if they found that Gafford resided at Cottonwood, could have found for plaintiff if the message could have been delivered to him there on June 20th. If they decided that Gafford did not live at Cottonwood, and that the message could not have been delivered before plaintiff left the stores, it was their duty under this charge to return a verdict for defendant.

[2] We are also of the opinion that, no contract having been alleged to telephone the message from Cottonwood to Gafford's, it was immaterial whether or not Gafford was connected by telephone with the exchange at Cottonwood. Telegraph Co. v. Byrd, 34 Tex. Civ. App. 594, 79 S. W. 40; Stewart v. Tel. Co., 158 S. W. 1034. We conclude that we were in error in holding the special charge harmless, and that the fourth assignment of error should be sustained.

In view of the fact that the above conclusions render unnecessary the intimation in our former opinion that as a matter of law a man living three-quarters of a mile from the stores and post office would be said to live in the town, the same is withdrawn. This would generally be a question for the jury.

The motion for rehearing is granted, the former judgment of this court set aside, and judgment entered reversing the judgment of the trial court and remanding the cause for another trial.