# Western Union Telegraph Co. *v.* Earnest.

### Failure to Deliver Telegram.

#### (Decided November 16, 1916.   73 South. 15.)

1. **Telegraphs and Telephones; Delivery of Message; Place.**—When a telegraph company accepts a message for delivery at a designated place, which is unincorporated, it is ordinarily a question of fact for the jury whether or not the sendee's locus was in fact comprehended within the designated place by the common understanding of the people.

2. **Same.**—Where the sendee's locus is several miles from the place to which the message is addressed, the telegraph company is under no legal duty to deliver the message at such locus.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by W. B. Earnest against the Western Union Telegraph Company for damages for failure to deliver a telegram.  Judgment for plaintiff, and defendant appeals.  Transferred from Court of Appeals under Acts 1911, p. 449, § 6.  Reversed and remanded.

The message was sent from defendant's office at Corona, Ala., and was addressed to plaintiff at Foster's Ferry, Ala., via Tuscaloosa, and the complaint alleges that defendant's undertaking was to deliver message to plaintiff at Foster's Ferry, Ala.  It appears without dispute that plaintiff had no terminal or other office at Foster's Ferry, which is about nine miles from its office at Tuscaloosa, and that a special contract was entered into for the transmission of the message to plaintiff at Foster's Ferry.  It appears also that plaintiff does not live at Foster's Ferry, but at a point two miles beyond there, and away from Tuscaloosa, and there is nothing to show that defendant's receiving or transmitting agent had knowledge or notice that plaintiff lived two miles, or any distance away from Foster's Ferry.  The message was a dispatch by special messenger to Foster's Ferry on the forenoon of its reception at Tuscaloosa, but plaintiff was not there at all on that day, and upon being informed that plaintiff lived several miles away, the messenger went in that direction, but returned without making delivery.  A second special messenger was dispatched about 4 o'clock p. m., who finally delivered the message at

about 6 p. m., at the house of one Thornton, where plaintiff boarded, but plaintiff had left home about 2 p. m., and did not receive the written message until his return about four days later. The other facts sufficiently appear.

FORNEY JOHNSTON, W. R. C. COCKE, and A. F.FITE, for appellant. BANKHEAD & BANKHEAD, for appellee.

SOMERVILLE, J.—The chief, and in fact the decisive, question in this case is, whether under the contract to deliver the message to plaintiff by special delivery at Foster's Ferry, about nine miles from Tuscaloosa, defendant was liable for not delivering the message to plaintiff at his residence two miles away from the specified point of delivery.

The trial judge held that whether such a delivery was within the obligation of the contract depended upon a finding by the jury that plaintiff's residence was within a reasonable distance of Foster's Ferry; and the jury were so instructed.

We think this view of the case is clearly erroneous. There is no question here as to the limits of the place or community known as Foster's Ferry. On the contrary, it appears that plaintiff lived, and was, on the day of the attempted delivery, two miles away from Foster's Ferry. Defendant agreed to send its special messenger to carry the message to Foster's Ferry, and not to search for plaintiff and deliver to him at any point where he might be found in the surrounding country.

Where the contract is thus clear and specific, and is not affected by any usage or special circumstances within the knowledge of the parties, it is not within the province of either court or jury to qualify and enlarge its obligations according to their notions of what might be reasonable.

(1) Of course, when a telegraph company accepts a message for delivery at a designated place which is not incorporated, it would ordinarily be a question of fact for the jury to determine whether or not the sendee's locus was in fact comprehended within the designated place by the common understanding of the people.

(2) But where, as here, the sendee's locus is several miles removed from the place designated in the address, it must be said, as a matter of law, that the sendee was not at the place of ad-

dress, and that defendant was under no legal duty to deliver the message at such foreign locus.

This conclusion is supported by the following well-considered cases: *W. U. T. Co. v. Harvey,* 67 Kan. 729, 74 Pac. 250; *W. U. T. Co. v. Swearingen,* 95 Tex. 420, 67 S. W. 767; *W. U. T. Co. v. Byrd,* 34 Tex. Civ. App. 594, 79 S. W. 40; *W. U. T. Co. v. Shock-ley,* 57 Tex. Civ. App. 30, 122 S. W. 945; *McCaul v. W. U. T. Co.,* 114 Tenn. 661, 88 S. W. 325; s. c., 115 Tenn. 99, 90 S. W. 856. It is not necessary to consider other questions presented.

Let the judgment be reversed and the cause remanded for another trial in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.