## RUSSELL v. WESTERN UNION TELE-GRAPH CO. (No. 1627.)*

(Court of Civil Appeals of Texas. El Paso. April 24, 1924. Rehearing Denied May 8, 1924.)

Telegraphs and telephones ☞65(6)—Allegation of contract to deliver in term held not to permit recovery for delay in delivery in country.

One basing his right to damages for delay in delivery of telegram upon contract to deliver at a certain town cannot recover on the theory that there was any obligation to make delivery 3½ miles from town, though message was not written on blank incorporating agreement as to free delivery limit.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by H. B. Russell against the Western Union Telegraph Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Kirby, King & Overshiner, of Abilene, for appellant.

Wagstaff, Harwell & Wagstaff, of Abilene (Kemp & Nagle, of El Paso, of counsel), for appellee.

HIGGINS, J. This suit was brought by appellant against the appellee for damages alleged to have been sustained by the negligent delay in the transmission and delivery of a telegram sent by Tom Russell from Lufkin, Tex., to the plaintiff at Tye, Tex., advising of the death of a sister of the plaintiff and the place of burial.

The telegram reads:

"Lufkin Texas 8 Am 22
"H D Russell Tye Texas Ida died at 1 Am will bury at Union.
"Tom Russell 9 Am"

It was delivered to appellant on September 22, at 8 a. m. in Lufkin, and reached Tye at 9 a. m. No issue arises upon the alleged delay in transmission and that phase of the petition need not be noticed. The only question in the case arises upon the delay in delivery of the message after it reached Tye. The petition alleges the delivery of the message by Tom Russell to the defendant at Lufkin, and that defendant agreed and became bound to use ordinary care in the transmission and delivery thereof to plaintiff "at Tye situated in Taylor county, Tex."; that it reached Tye at 9 a. m., and delivery was negligently delayed until 3 p. m. of that day;

that plaintiff "was well known at Tye, and was easily accessible by personal delivery or by telephone," all of which was known to defendant, or could have been known by the exercise of ordinary care. The petition contains the other allegations usual in such cases to show that he could and would have attended the funeral had the message been delivered in due time.

Upon a peremptory instruction there was a verdict and judgment in favor of defendant.

The evidence upon the controlling issue in the case is undisputed, and discloses the facts to be as follows:

The plaintiff lived 3½ miles east of Tye, on the farm of S. A. Briggs. The message was written on a blank check, and nothing was said by the sender to appellant's agent at Lufkin as to how far plaintiff lived from Tye, or how he could be reached. From the record there is nothing to indicate that appellee had any notice that plaintiff lived in the country when it received the message. Plaintiff was not in Tye on the date the message reached there, but it was delivered to his wife at his home at 3 p. m. by plaintiffs' cousin, who had previously obtained same from the operator at Tye, and who undertook to deliver it. Plaintiff did not receive the message until 5 p. m., upon his return from Abilene. While in Abilene he had been advised by telephone message from Lufkin of the death of his sister and the place of burial. He received that information about noon. There was no telephone exchange in Tye, the place being very small. There was no telephone in appellant's office. There was a free telephone line running from Tye to the residence of Briggs on his farm, and there is evidence that the appellant's agent knew the plaintiff; that he lived upon the Briggs farm, and could be reached by telephoning to the Briggs home.

The defendant's agent at Tye testified he knew plaintiff and to efforts that he made to deliver the message at Tye, but said that upon ascertaining he lived about 4 miles in the country he made no further effort to deliver the same until its delivery later in the day to the plaintiff's cousin.

Appellant presents a number of propositions which it is unnecessary to discuss, for the decisions in a number of cases foreclose against him any right of recovery under the pleadings and evidence. He based his right of action upon a contract to deliver to him at Tye, and not at his residence 3½ miles in the country. There is neither plea nor evidence of any contract to deliver at his residence in the country, and he cannot recover upon the theory that there was any obligation to make delivery at any other place than Tye. His own evidence shows that it was impossible to make delivery there, and no obligation rested upon appel-

lant to make delivery to him in the country.

The authorities to this effect are clear, and it will serve no useful purpose to review or quote from the same. It is sufficient to refer to them. See Tel. Co. v. Swearingen, 95 Tex. 420, 67 S. W. 767; Tel. Co. v. Shockley, 57 Tex. Civ. App. 30, 122 S. W. 945; Stewart v. Tel. Co. (Tex. Civ. App.) 158 S. W. 1034; Tel. Co. v. Fabian (Tex. Civ. App.) 189 S. W. 1008; Tel. Co. v. Byrd, 34 Tex. Civ. App. 594, 79 S. W. 40; Tel. Co. v. Kilgore (Tex. Civ. App.) 220 S. W. 593. Those cases have no application which hold the telegraph company liable for nondelivery where a special contract is shown to make delivery in the country because there is neither plea nor evidence of such a contract. The plea and evidence that he was well known at Tye and easily accessible for personal delivery or by telephone merely bear upon the issue of negligence in making delivery at Tye. They have no bearing upon the question of whether there was any duty to deliver at his residence in the country.

Nor have those cases any application which relate to the duty of the telegraph company when the sendee lives in the town but outside the free delivery limits. In those cases the sendee lives in the town or city to which the message is sent, but merely outside the free delivery limits. In the present case the sendee did not live in Tye and delivery could not be made there within or without such limits. Nor is it material that the message was not written upon a blank incorporating an agreement as to the free delivery limit. The contract was to deliver at Tye, and not elsewhere.

For the reason indicated the peremptory instruction was properly given. This renders it unnecessary to pass upon the question of whether a recovery is barred by his failure to take the Santa Fé from Buffalo Gap and go to Lufkin via Houston instead of over the Texas & Pacific from Abilene.

Affirmed.