### San Antonio & Aransas Pass Railway Company v. John Gray.

#### No. 1100. Decided April 14, 1902.

**1.—Railway—Trespasser—Rescuing Child.**

One does not become a trespasser nor chargeable with contributory negligence by going upon a railway track to rescue a child from danger; nor is he a trespasser if injured while running along the track for such purpose, though he was wrongfully upon it when he discovered the child's peril and attempted its rescue. (Pp. 427, 428.)

**2.—Declarations—Res Gestae.**

The statement of a locomotive engineer, six minutes after the transaction, that they "came near running over a man down there," is admissible as part of the res gestae. (P. 428.)

**3.—Crossing—Statutory Signals—Causal Connection.**

When plaintiff was injured on the railway, not at a crossing, by falling into a trestle while running along the track to rescue his child, which was following him, from a train of the approach of which he was made aware before the peril arose, a failure to whistle and to ring and continue to ring the bell while approaching a crossing, as required by the statute, had no such causal connection with the injury as to justify its submission to the jury as negligence creating liability if it caused the accident. (Pp. 428, 429.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Kerr County.

The railway company appealed from a judgment recovered against it by Gray, and on its affirmance obtained writ of error.

*Houston Bros.* and *R. J. Boyle,* for plaintiff in error.—The trial court erred in overruling defendant's motion to instruct the jury to find for the defendant, and in refusing to so instruct the jury to find for defendant, said motion being argued after plaintiff had rested and after the case had been closed, because the evidence shows that plaintiff was a trespasser upon defendant's track, and the evidence does not show that defendant's employes in charge of its train discovered the peril of plaintiff, and because the evidence shows that plaintiff's injuries were caused by his own negligence and contributory negligence in knowingly going upon the track of defendant, in front of an approaching train, and running along defendant's track and trestle.   One who trespasses upon the track of a railway company is guilty of negligence, and if such negligence contributes to cause his injury, he can not recover therefor, unless the servants of the railway company, after discovering him in a position of peril, inflict the injury upon him through a failure to exercise ordinary care.   Beach on Con. Neg., sec. 52, et seq. ; Railway v. Herrin, 26 S. W. Rep., 425 ; Railway v. Smith, 52 Texas, 178 ; Railway v. Staggs, 90 Texas, 458 ; Railway v. Breadow, 90 Texas, 26 ; Pierce v. Waters, 8 Am. and Eng. R. R. Cases (new series), 672.

The trial court erred in admitting, over the defendant's objection, the evidence of Tom Tarver, witness for plaintiff, said objection being that the evidence was incompetent and not a part of the res gestae, and not in rebuttal of any testimony introduced by plaintiff; said evidence being admitted after plaintiff had rested and the court had overruled defendant's motion to instruct the jury to find for the defendant, and defendant had rested without introducing any evidence.   1 Greenl. on Ev., sec. 108; Railway v. Crowder, 70 Texas, 222; Railway v. Ivy, 71 Texas, 409 ; Railway v. Robinson, 73 Texas, 277.

The evidence shows that plaintiff was a trespasser upon the track and trestle of the defendant and saw the train approaching, and it was not negligence as to him for the railway company employes to fail to comply with the alleged city ordinance of the city of Kerrville.   The signals and rate of speed required by law of railway companies are for the protection of members of the public lawfully on the track, and a failure to comply with such requirements is not negligence to one who is a trespasser. Railway v. Bishop, 37 S. W. Rep., 764.

The trial court erred in refusing to grant a new trial·herein, because the verdict is contrary to and unsupported by the evidence, and shows that the jury were actuated by passion and prejudice against this defendant, in this: that the evidence shows that the plaintiff was a trespasser upon the track and trestle of the defendant, and that his alleged injuries were caused by his running along said track and trestle, and not through any negligence on the part of this defendant.

*Geo. Powell, Lee Wallace,* and *W. R. Burnett,* for defendant in error. Appellant, through its negligence, having placed in peril the child of appellee, the latter had the legal right to go upon and run along ap-

pellant's track to rescue the child, and would not be a trespasser thereon, and if, while attempting such rescue, appellee be injured through appellant's negligence, he should recover. Becker v. Railway, 61 S. W. Rep., 997; Railway v. Keelin, 62 S. W. Rep., 261.

The declaration that they "came near running over a man down the track there that day," made by the engineer or fireman, two or three minutes after the train arrived, and in the presence and hearing of Tom Tarver, was res gestae and competent evidence, being spontaneous and illustrative of the act in question. Railway v. Anderson, 82 Texas, 518; Railway v. Robertson, 82 Texas, 660; Pilkington v. Railway, 70 Texas, 230; City of Galveston v. Barron, 78 Texas, 423; Railway v. Hall, 83 Texas, 682.

If by reason of an approaching train, a person on a railroad track be placed in peril through the negligent operation of the train by those in charge, such person so in peril may be rescued by one who at the moment of discovering such peril is a trespasser, and in attempting such rescue may remain upon and run along such track in the direction of the approaching train to effect such rescue, and if while attempting such rescue, and without fault or negligence on his part, he be placed in peril, and be injured through appellee's negligence, after discovering his peril, appellee would be entitled to recover. Becker v. Railway, 61 S. W. Rep., 997; Railway v. Keelin, 62 S. W. Rep., 261; Railway v. Symkins, 54 Texas, 618; Railway v. Lowry, 61 Texas, 154; Brown v. Griffin, 71 Texas, 659; Railway v. Ormond, 64 Texas, 489.

It was the duty of appellant to observe the city ordinances by "slowing down" its speed to ten miles per hour while running within the city limits, and to sound its whistle at public crossings; also to ring its bell continuously while running its train within city limits; and this is true regardless of the question of a trespasser or other person on its track, and a failure to observe the city ordinance in this regard is negligence per se. Railway v. Nelson, 29 S. W. Rep., 78; Railway v. Pendery, 36 S. W. Rep., 793; Railway v. Wilson, 60 Texas, 142; Railway v. Carson, 66 Texas, 347; Railway v. Walker, 70 Texas, 131; Railway v. Chapman, 57 Texas, 76.

Appellee at the time of his injury was not a trespasser on appellant's track, in that when he discovered his child in peril and sought its rescue (if prior to that time a trespasser) he at once became legitimately on appellant's track for the purposes of such rescue, the negligence of appellant to and towards appellee's child being carried over to appellee, and wherein such negligence operated against appellant both as to appellee and his child. Eckert v. Railway, 43 N. Y., 505; Spooner v. Railway, 115 N. Y., 30; Becker v. Railway, 61 S. W. Rep., 997; Railway v. Keelin, 62 S. W. Rep., 261; Brown v. Griffin, 71 Texas, 659; Railway v. Wilson, 60 Texas, 142; Railway v. Sympkins, 54 Texas, 618.

BROWN, ASSOCIATE JUSTICE.—John Gray filed suit in the District Court of Kerr County against the San Antonio & Aransas Pass Railway

Company to recover damages for injuries alleged to have been caused by the negligence of the railway company under the following circumstances: Gray lived in Kerrville, Kerr County, near the track of the defendant's railroad, and was on his way to the depot, walking along the railroad track, when he heard the train whistle, and looking back, saw some horses on the track. He then proceeded on his way for a short distance, when, turning and looking again, he saw two children of Dr. Wright on the railroad track. Gray "kept hollering" at the children to get off the track, which they did, when the plaintiff's little boy, about two years old, got upon the track and started down towards his father, who called to the child to get off, but he did not, and the father then started in a run down the track, meeting the child, and in the direction of the train, in order to rescue the child. About forty yards from where the plaintiff started was a trestle or bridge and the child was about fifty-three yards beyond the bridge from where Gray started to run. When Gray reached the bridge, he saw the child running along the track towards him about thirty yards distant. The train was about one hundred yards from the child and running in the direction where the child was at a speed of about twenty-five miles per hour, neither sounding the whistle nor ringing the bell. Gray started across the bridge to the child, but fell upon the track and was hurt. He did not see the child get off the track and thought that it was killed. Gray was injured by the fall on the bridge and was unable to rise, but managed to throw himself off the bridge upon the ground, at which time the train was near the child. As Gray was lying near the track where he fell from the bridge, one man on the engine was looking right at him and the other was leaning out of the window with his "breast out," looking as if to see whether the child had been knocked off. The train did not slow up, ring a bell, nor blow a whistle, except at the time Gray first heard the whistle. These facts occurred within the corporate limits of Kerrville. Plaintiff introduced in evidence an ordinance of the city of Kerrville duly enacted which prohibited railroad locomotives, when running in the limits of that city, to run at a greater speed than ten miles per hour, and required that upon all moving locomotives the bell should be kept ringing until it stopped. Plaintiff's petition alleged substantially the facts above stated, and, upon a trial, verdict was rendered and judgment entered in favor of Gray against the railroad company, from which an appeal was taken and the judgment affirmed by the Court of Civil Appeals of the Fourth District.

The fact that Gray was wrongfully upon the track of the defendant at the time that he discovered the peril of his child does not make him a trespasser in his subsequent efforts to rescue the child from danger. If he had been off the track, he would have been authorized by law to go upon it in order to make the rescue, and, being upon the track, it was equally permissible for him to run along it as the best and quickest method by which to accomplish his purposes. One who endangers his own life in order to save the life of another person is not chargeable with

being a trespasser upon the railroad track, nor does his entering upon the track in the presence of danger for such purpose lay him liable to the charge of contributory negligence. Eckert v. Railway, 43 N. Y., 502; Spooner v. Railway, 115 N. Y., 22; Becker v. Railway, 61 S. W. Rep., 997; 1 Shearm. & Redf. on Neg., 5 ed., sec. 85.

The testimony of Tom Tarver was properly admitted as a part of the res gestae. He testified that he was at the depot and heard the fireman or engineer say they "came near running over a man down there;" this occurred within six minutes after the train passed Gray. The declaration was made within a few minutes after the occurrence of the fact and under circumstances which show that it was not prompted by any intention to misrepresent the truth of the occurrence. Railway v. Anderson, 82 Texas, 518.

The trial court charged the jury as follows: "You are instructed that it is the duty of a railway company and employes in charge of one of its trains moving along its track on approaching a public crossing to blow the whistle or ring the bell on the engine pulling such train, and to keep such bell ringing until such train shall have passed over such crossing; and it is further the duty of such railroad company and employes in charge of such train, while moving within the corporation limits of the city of Kerrville, Texas, to regulate the speed of such trains, that such speed shall not exceed the rate of ten miles per hour, and a failure of such railway company, or its employes, to comply with the above requirements, or with either of them, would constitute negligence upon the part of such railway company; and if you believe that the plaintiff started in a run back to reach the child before the train could reach it, and without negligence on his part lost his footing and fell on the trestle, and that he had no time in which to arise and get off of said trestle in time to prevent said train from running over him, and that, to save himself, he threw himself off of said trestle as claimed by him in his petition. And you further believe from the evidence that the plaintiff has received injuries, if any were received, without negligence on his part, and that the approximate cause of such injuries, if any he has received, were caused by the failure of the defendant to ring the bell and blow the whistle, if there was such a failure, and the excessive speed of the train, if it was excessive, as explained to you in the first part of this paragraph, then and in such case you will find for plaintiff."

The testimony of Gray shows that he saw the train and heard it whistle long before it reached the crossing of the street, and that the failure to blow the whistle or ring the bell at the crossing of the street could have had no possible effect either in causing him to go upon the track or remain upon it. The child was not crossing the railroad at a public crossing nor at a place shown to be used as such; besides, the age of the child and other facts show that it was following its father, and repel any idea that might exist that the child relied in any manner upon the blowing of the whistle at the crossing as a warning for it to leave the track. The facts of this case clearly show that the failure to blow the

whistle and ring the bell at the crossing had no influence in producing the injury to the plaintiff, and it was error in the court to charge the jury that a failure to perform that statutory duty rendered the defendant liable for the injuries which the plaintiff received. For this error, the judgments of the District Court and the Court of Civil Appeals are reversed and the cause is remanded.

*Reversed and remanded.*