## WESTERN UNION TELEGRAPH COMPANY v. AYRES.

Decided November 20, 1907.

**Telegram—Free Delivery Limits—Duty to Deliver.**

Where a telegraph company accepts and agrees to deliver a message, it is bound to use reasonable diligence to deliver the same whether the person to whom it is addressed lives within the free delivery limits established by the company or not, even though the contract stipulates for an extra charge for such delivery. Such stipulation does not require that the extra charge shall be prepaid.

Appeal from the District Court of Matagorda County. Tried below before Hon. Wells Thompson.

*Hume, Robinson & Hume* and *N. G. Kittrell, Jr.,* for appellant.— Where the blank on which the telegram was written by the sender

stated that the message would not be delivered beyond the free delivery limits established by the company without extra compensation, the rule as to free delivery limits was binding on the addressee. Western U. Tel. Co. v. Ayres, 93 S. W. Rep., 201; Western U. Tel. Co. v. Redinger, 22 Texas Civ. App., 364; Anderson v. Western U. Tel. Co., 84 Texas, 20; Western U. Tel. Co. v. Rains, 63 Texas, 29; Western U. Tel. Co. v. Jennings, 84 S. W. Rep., 1056; Western U. Tel. Co. v. Crider, 54 S. W. Rep., 964; Western U. Tel. Co. v. Love-Banks, 83 S. W. Rep., 950; Western U. Tel. Co. v. Scott, 87 S. W. Rep., 289; Hargrave v. W. U. Tel. Co., 60 S. W. Rep., 690.

The defendant telegraph company had a right to limit its liability to deliver messages within certain territory, and its failure to deliver to the addressee in person beyond such limits created no liability. Same authorities.

*E. F. Higgins* and *Gaines & Corbett,* for appellee.

FLY, Associate Justice.—Appellee sued appellant to recover damages for failure to promptly deliver a telegram conveying to her the news of the death of her son whereby she was prevented from attending his funeral. The cause was tried by jury and resulted in a verdict and judgment for appellee in the sum of $1,800. This is a second appeal. 93 S. W. Rep., 199. We find that appellant was guilty of negligence in failing to promptly deliver the following message:

"Sour Lake, Nov. 11, 1903.

"Mrs. M. E. Ayres,
        "Bay City, Texas.
    "Frank breathed his last at 1 o'clock.

"W. E. Ayres."

The message was delivered to appellant in Sour Lake about 1:30 o'clock p. m. on November 11, 1903. The operator to whom it was delivered knew that deceased was the son of appellee. The message was not delivered to appellee in Bay City until between 10 and 11 o'clock a. m. November 12, 1903. Had the telegram been promptly delivered appellee could and would have attended the funeral of her son, but was prevented from attending the funeral by the negligence of appellant. Appellee lived in Bay City, outside the delivery limits prescribed by the rules of appellant, under which circumstances appellant was entitled to receive an additional amount. It was not demanded at the time the message was sent, but on the afternoon of November 11, an additional fee was demanded from and paid by the sender of the message.

The first assignment of error complains of the refusal of the court to charge the jury that appellant was not liable for its failure to deliver the telegram beyond the half-mile limit established by appellant, and the second assignment complains of the charge of the court to the effect that appellant was bound to use ordinary diligence to deliver the message whether appellee "lived inside or

outside of the defendant's free delivery limits in the town of Bay City." The third assignment is that the court erred in not instructing a verdict for appellant, so only one question is presented by the brief and that is, Was it the duty of appellant to use reasonable diligence to deliver the message, whether the person to whom it was addressed lived within the half-mile limit in Bay City or not? That question has been answered directly in the affirmative. Western Union Tel. Co. v. Teague, 8 Texas Civ. App., 444; Western Union ·Tel. Co. v. Swearingen (Texas Civ. App.), 65 S. W. Rep., 1080; Western Union Tel. Co. v. Swearingen, 97 Texas, 293.

In the Teague case it was said: "Whether the college was in the free delivery limits or not, it was the duty of appellant to use reasonable diligence to deliver the message. The regulation, as we interpret the contract, does not affect the question of promptness of delivery, nor does it excuse a failure to deliver; but the only question to be raised under it seems to be, whether the message shall be delivered without extra charge. The company undertook to deliver the message and collect the extra rate of fifteen cents for delivery beyond the free limits afterwards, and it seems to have been, in fact, paid by appellee." The same conditions prevail in this case. Appellant received the message and transmitted it to Bay City, kept it over two hours and then demanded an extra amount which was paid by the sender.

The judgment of the Court of Civil Appeals in the Swearingen case was reversed by the Supreme Court (95 Texas, 420) on the ground that the petition alleged that the message was to be delivered in the town of Comanche, Texas, and also that the person to whom the message was sent did not live in Comanche but six or seven miles in the country. The ruling of the Court of Civil Appeals following that in the Teague case was not disturbed. The Supreme Court said: "Whether or not the evidence showed a contract under which it was the duty of defendant to use reasonable diligence to deliver the message to plaintiff at his home without payment or guaranty of the additional cost, we need not determine, since the petition neither alleged such a contract nor stated the facts from which it could be inferred." On the next trial the petition was amended and the Supreme Court approved the decision of the Court of Civil Appeals. 97 Texas, 293.

If the contention of appellant should be sustained, a person might live twenty feet, or even less, outside the free delivery limits and the telegraph company could absolutely refuse to ·deliver an important message on that account and yet incur no liability whatever for its refusal, even though a prompt demand for extra pay from the sender would have secured it, and the message could have been delivered in time to have allowed the person addressed to have responded to the obvious demands of the telegram. This court will not for a moment entertain such a proposition, but on the other hand is disposed to hold that appellant should have attempted to deliver the message and at least have given appellee a chance to refuse the payment of the extra charge. It did not do this, but held the message for more than two hours, and then when the extra charge

was paid by the sender did not deliver the message for fifteen hours or more. The evidence of the messenger boy shows that he made very little inquiry about where appellee lived and must have reported that she lived outside of the town, for he stated that is what he was told, and the demand for extra pay must have been made on that report. He was contradicted as to being told that appellee lived outside the town.

There was no provision in the contract on the back of the message, that required prepayment of the extra charge to insure delivery beyond the free delivery limits, and it has been held in Indiana that such a requirement would be unreasonable. Western Union Tel. Co. v. Moore, 39 N. W. Rep., 874. Not only was such a provision held unreasonable, but the Indiana court fully sustains our construction of the language of the contract in regard to an extra charge. The court said: "Counsel insist that under the contract and rule either payment in advance or a satisfactory guaranty was required. A careful reading of both the contract and the rule fails to disclose any such requirement. So far as we are able to discover, it is not so nominated in the bond. The contract says that for delivery beyond the free delivery limits (which are not specified) a special charge will be made to cover such delivery. There is. nothing here to indicate that security will be demanded therefor, or payment in advance."

In the case of Anderson v. W. U. Tel. Co., 84 Texas, 17, the rule laid down in the Teague case was touched upon as follows: "The defendant accepted the message and undertook to deliver it to Burgess, and it will not be heard to excuse itself upon the ground that Burgess was more than one-half of a mile from the office at Hutchins, especially since it failed to notify the sender of the fact that the message had not been delivered and of the reason why, so that its prompt delivery could have been secured." The case of Western Union Tel. Co. v. Evans, 1 Texas Civ. App., 297, is also in point. The judgment is affirmed.

*Affirmed.*

Writ of error refused.