WESTERN UNION TELEGRAPH COMPANY v. N. C. SHOCKLEY.

Decided July 3, 1909.

**1.—Telegraph Company—Delay in Delivering Message—Delivery Limits.**

The duty of a telegraph company is imposed by its contract for the transmission of a message, and not by any general law; hence a contract to promptly deliver a message to the addressee at a certain town would not require the company to deliver the message at the residence of the addressee seven miles distant in the country.

**2.—Same—Case Distiguished.**

Western Union Tel. Co. v. Ayres, 47 Texas Civ. App., 557, distinguished.

Appeal from the District Court of Young County. Tried below before Hon. A. H. Carrigan.

*Geo. H. Fearons, Spoonts, Thompson & Barwise,* for appellant.

*Kay & Akin,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee sued in the District Court to recover damages in the sum of nineteen hundred and ninety-five dollars and sixty cents for the failure to seasonably deliver to him the following message: "To Newt. Shockley, Graham, Texas. Your

mother is dead. W. B. Shockley." From a judgment in his favor in the sum of five hundred dollars this appeal has been prosecuted.

The principal complaint is that the court erred in refusing to give to the jury a requested peremptory instruction to find in appellant's favor. The following facts seem undisputed: Appellee, who is the Newt Shockley referred to in the telegram, lived in the country about seven miles from Graham, Texas. His postoffice and trading point, however, was Graham. Appellee's mother lived several miles in the country from Heflin, Alabama, and died at her home on January 1, 1908. Some time previously appellee had visited his mother in Alabama and had arranged with W. B. Shockley, a kinsman, to send a telegram in event of the serious sickness or death of his mother, and on January 1st W. B. Shockley, over the 'phone, directed one of his friends living at Heflin (a Mr. Glasgow) to send a message to Newt Shockley at Graham, Texas, informing the latter of the death of his mother. Glasgow delivered the message we have quoted to the agent at Heflin and it was received at Graham, Texas, about eleven a. m. on January 2d. W. B. Shockley knew the place of appellee's residence in the country, but it appears that Glasgow for him paid only the charge of transmission from Heflin to Graham, the record being silent as to what, if anything, was said about appellee's residence, or whether an additional charge would be required. The evidence is conflicting as to whether appellant's agent at Graham ascertained appellee's place of residence, but in deference to the verdict of the jury we find that appellant's Graham agent was informed of it on the day of the receipt of the telegram at the Graham office. The telegram, however, was not in fact delivered until the 9th day of January, when appellee called for it at appellant's office in Graham, appellee having learned of the death of his mother by letter. The burial of appellee's mother was delayed five days awaiting his arrival, and appellee could and would have attended the burial had the telegram been promptly delivered. It should be further stated that on January 3d the Graham office sent a service message to its agent at Heflin inquiring for a better address, but it does not appear that any other or further inquiry or demand was made. After the dispatch of the service message appellant's Graham agent also mailed in the postoffice at Graham a notice of the receipt of the telegram.

We are of opinion that appellee failed to show a right of recovery, and that the special instruction should have been given. The basis of appellee's right, if any, is the contract evidenced by the message, and not the nonperformance of a duty prescribed by any general law. That contract was for the prompt transmission and delivery of the telegram to appellee at Graham, Texas, and not at his residence seven miles in the country. See Western U. Tel. Co. v. Taylor, 3 Texas Civ. App., 310; Western U. Tel. Co. v. Swearingen, 95 Texas, 423; s. c., 97 Texas, 293. The original message contained the clause that "messages will be delivered free within the established free delivery limits of the terminal office; for delivery at a greater distance a special charge will be made to cover the cost of such delivery," and appellee insists upon the authority of the Western U. Tel. Co. v. Ayres, 47 Texas Civ. App., 557, that appellant is liable on the ground that it failed to inquire of

W. B. Shockley, the sender of the telegram, and afford him an opportunity of guaranteeing the special charge of three dollars, which the evidence shows under appellant's regulations would have been necessary in order to transmit the telegram from Graham to appellee's residence in the country. The case cited is quite distinguishable from the one before us. Among other things in that case there was a failure to deliver for some fifteen hours after the sender of the telegram had paid additional charges when informed that the party lived outside of the company's free delivery limits. Again, the facts in the Ayres case show that the addressee in fact lived within the town or city. to which it had been addressed. In such a case there is support for the holding of the court to the effect that it was the duty of the company, in view of a provision like that we have quoted, to deliver the telegram, or to at least afford the addressee an opportunity to pay the additional charges, and certainly after the additional charges had been paid it could be said that a new contract was entered into requiring the telegraph company to deliver to the addressee, notwithstanding her residence beyond the free delivery limit. But in this case appellee did not live in any part of the town of Graham, to which the telegram had been directed by the sender. We can not assume that it was intended by the sender to pay an extra charge for a delivery to appellee seven miles in the country. He had the right, if he desired to do so, to avoid the payment of extra costs by taking the risk of appellee's being found in the town of Graham at the time of or soon after the receipt of the telegram at that place. At all events, it can not be said that appellant contracted to deliver the telegram at appellee's residence, and in the absence of such a contract we know of no duty on appellant's part for the violation of which a pecuniary liability arises, which required its agent or employe at Graham, in violation of appellant's regulation to the contrary, to take or send the telegram to appellee seven miles in the country.

The foregoing conclusion renders the disposition of other assignments unnecessary, and it is ordered that the judgment be reversed and here rendered for appellant

*Reversed and rendered.*

Writ of error refused.