### Western Union Telegraph Company v. May Harris.

No. 2239.   Decided June 19, 1912.

**1.—Telegraph—Free Delivery Limits—Pleading.**

A plea excusing delay in delivering a telegram on the ground that addressee lived beyond free delivery limits and the extra charge was not paid or guaranteed, was insufficient where the message was addressed in care of another, a college, and there was no allegation that the college was beyond such limits. (Pp. 322, 323.)

**2.—Free Delivery Limits—Demand for Extra Charge.**

A plea seeking to excuse delay in delivering a telegram because of failure of the sender to pay or guarantee the extra charge beyond free delivery limits is insufficient, as against a special demurrer, where it fails to show that such charge was demanded, though alleging that the sender knew the limits. It is the duty of the company to know or ascertain whether the addressee, if residing within the limits of the town to which the message is sent, lives within or without its free delivery limits, and if the latter, to demand of the sender the extra charge. (Pp. 323, 324.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Dallas County.

Harris brought suit and recovered against the telegraph company. The latter obtained writ of error on the affirmance, upon its appeal, of the judgment of the trial court.

*John W. Veale* (Geo. H. Fearons, of counsel), for plaintiff in error. —If the addressee of the message lived beyond the boundary line, marking the territory within which messages were delivered free of additional charge at Cordell, Oklahoma, and no additional compensation was paid, offered or promised to appellant's agent, and no obligation was entered into by appellant to deliver the message to a point beyond such boundary, appellant can not be charged with negligence in failing to deliver it promptly, and can not be made to respond in damages under the terms of its written contract. Western U. Tel. Co. v. Rains, 63 Texas, 29; Western U. Tel. Co. v. Taylor, 3 Texas Civ. App., 310; Western U. Tel Co. v. Swearengen, 97 Texas, 293; Western U. Tel. Co. v. Shockley, 57 Texas Civ. App., 30.

*John A. Pace* and *Tatum & Tatum*, for defendant in error.— Defendant failed to allege or show that its agent had demanded of the party sending said telegram any extra charges for the transmission and delivery of said telegram beyond its free delivery limits. It was the duty of defendant's agent to request a special charge from the sender to guarantee the delivery. Telegraph Co. v. Moore, 39 N. E., 874; Telegraph Co. v. Ayers, 47 Texas Civ. App., 557; Telegraph Co. v. Teague, 8 Texas Civ. App., 444; Bright v. Telegraph Co., 132 N. C., 317; Telegraph Co. v. Pearce, 70 S. W., 360; Hendricks v. Telegraph Co., 35 S. E., 543; Bryan v. Telegraph Co. 133 N. C., 603; Telegraph Co. v. Gulick, 48 Texas Civ. App., 78.

MR. JUSTICE DIBRELL delivered the opinion of the court.

May Harris brought this action to recover damages of the Western Union Telegraph Company for failing to promptly deliver to her at Christian College, Cardell, Oklahoma, a telegraphic message from Texline, Texas, in form as follows:

"Texline, Texas, April 3, 1908.
"May Harris, in care of C. College, Cardell, Oklahoma.
"Johnny burned very bad, come at once.
"(Signed)   J. W. HARRIS."

This telegram was filed with defendant at Texline, Texas, at 4:30 o'clock p. m. on April 3rd to be transmitted and delivered to plaintiff at Christian College in Cardell, Oklahoma; the message was received by defendant and the fee for such service demanded was paid. The message was sent by the father of plaintiff to notify her that "Johnny," her brother, had been badly burned, so that she might come home at once. There was negligence in the .delivery of the message and plaintiff, by reason of that fact, failed to get home in time to view the body of her brother and to attend his burial, from which circumstance she suffered the damages awarded, $750.00.

The petition for writ of error presents but one question which we need consider, that upon which the writ was granted. In view of the light in which the case is now seen it is desirable only to enlarge upon the reason of the Court of Civil Appeals in sustaining the trial court in its ruling upon the exception of plaintiff to the special plea presented by defendant as a bar to plaintiff's recovery. The special plea to which plaintiff's exception was addressed was that, at the time the message was filed with defendant for transmission, defendant had established at Cardell, Oklahoma, free delivery limits beyond which it was under no obligation to deliver messages without extra compensation paid or guaranteed to be paid by the sender, and that such free delivery limits were prescribed by a radius of one mile of defendant's office in the town of Cardell. It was alleged that the blank upon which the message was written contained the stipulation that no message, without the payment of such special charges, would be delivered to any one living beyond such free delivery limits, and the special plea continues in this language: "That such provision of said contract and the free delivery limits fixed in the town of Cardell by virtue thereof were all reasonable and necessary regulations for the prudent and reasonable management of defendant's business; that at the time said telegram was received at Cardell, as the sender well knew, the addressee lived far beyond defendant's established free delivery limits, and no charges were paid or guaranteed to insure delivery at such great distance beyond such established delivery limits, and that such fact was unknown to defendant; that, by reason of all such facts, defendant pleads such provision of said contract in bar of any recovery and says that by reason thereof plaintiff should recover nothing."

The exception sustained by the court and of which defendant complains is, omitting its formal part, as follows: "Because defendant wholly fails to show or allege that it or its agent demanded of the party sending said telegram any extra charges for the transmitting and delivery of said message beyond its delivery limits, and further because it was the defendant's duty to request the special charge from the sender to guarantee the delivery and charge of the delivering of the telegram to the plaintiff, and defendant fails to allege or show that said extra charges were demanded by its agent from the sender either at Texline, Texas, or at Cardell, Oklahoma."

We think the Court of Civil Appeals was right in holding that the trial court did not err in sustaining the exception to the special plea, for more reasons than assigned in the exception. The pleading

upon which plaintiff's cause of action is based, and the undisputed evidence, show that the message was sent plaintiff in care of Christian College at Cardell, Oklahoma, and was accepted by defendant in this form. The undertaking, therefore, of defendant was to deliver the message to plaintiff at Christian College, or to some one representing the college for plaintiff. A prompt delivery to either would have been a fulfilment of the contract. It was immaterial where the addressee resided, whether within or without the free delivery district; if she could, by the exercise of reasonable diligence on the part of the company, have been found within such free delivery district at the time the message reached Cardell, Oklahoma, it was the duty of defendant to deliver the message, whether the extra fee had been paid or not. The message was directed to her at Christian College and in care of the College, and there is no allegation or intimation in the special plea that Christian College was located without the free delivery district, and hence, if for no other reason than this, we think the special plea was wholly insufficient to present any defense to plaintiff's cause of action. But it is particularly to the grounds urged in the special exception to the pleading that we wish to address our ruling. We think an important question, not only of pleading but of substantive law, is presented by the assignment of learned counsel for plaintiff in error. It involves directly what legal rights accrue to telegraph companies by reason of the rule granting them the privilege of establishing free delivery limits in towns and cities of this State, and as to whether or not the burden of ascertaining that the addressee who resides within a city or town is within or without the free delivery district and to make demand for the requisite fee rests upon the telegraph company.

We think the legal effect of permitting telegraph companies to prescribe reasonable free delivery districts beyond which they are authorized to make an extra charge for delivering messages, should and does not affect the question of promptness of delivery, except in those cases where a demand is made on the part of the company for the extra fee and the sender fails or refuses to pay such extra charge or guarantee its payment. The burden of ascertaining whether the addressee is within or without the free delivery district must rest upon the company, where the addressee lives within the limits of a town or city. It is not reasonable to suppose the sender of a message is familiar with the limits of the free delivery district prescribed by the telegraph company. The company forms the free delivery district and if it wishes to collect the extra fee it is incumbent upon such company to ascertain from the sender the exact location of the sendee in the place where the message is to be transmitted. If that be a burden it rests lighter upon the shoulder of the company than upon that of the sender. The district is of its creation and for its benefit, and we are not willing to say that it is incumbent upon the sender of a message to ascertain at his risk the limits of such free delivery district and tender the extra compensation, but the company must determine that fact from the information in its possession or from such information as may be given it by inquiry of the sender or from other sources, and then make demand for the extra charge. If the

addressee lives without the free delivery limits and the sender refuses to pay the extra charge or guarantee its payment, then the company would be justified in refusing to make delivery of the message. Western Union Tel. Co. v. Teague, 8 Texas Civ. App., 444, 27 S. W., 959; Western Union Tel. Co. v. Swearingen, 65 S. W., 1080; Western Union Tel. Co. v. Davis, 24 Texas Civ. App., 427, 59 S. W., 47; 37 Cyc., pp. 1678-79-80.

In discussing this question, Judge Collard, in the case of W. U. T. Co. v. Davis, above cited, states the proposition here laid down in a clear manner, which seems to have met the approval of this court: "* * * If the extra charge became material, the company should have inquired as to the fact, so that the sender could be advised of the fact, and pay the same if demanded."

If the special plea in this case is judged by the law as we understand it and as it has been here declared, there is no room for doubt that such plea is subject to the exception urged by plaintiff. The sufficiency of a plea may be tested by a consideration of what proof is required to sustain it. If it be found that certain and definite facts must be established to sustain a certain plea, then it becomes a proper inquiry to ascertain from the pleading itself whether the existence of such facts necessary to constitute the plea as an entirety have been alleged so as to admit evidence to sustain each of such essential facts required to constitute and sustain such plea. The general proposition being that all facts essential to be proven to sustain a plea must be alleged in the pleading. There being no allegation that a demand was made by the company for the extra charge and that such extra charge being demanded the plaintiff failed to pay it or guarantee its payment, no legal defense was presented to excuse the want of a prompt delivery of the message.

We think the Court of Civil Appeals, in affirming the judgment of the lower court, properly decided the case and, so believing, it follows that the judgment of that court should be affirmed, and it is accordingly so ordered.

*Affirmed.*