### WESTERN UNION TELEGRAPH CO. v. MIDGETT et al. (No. 931.)

(Court of Civil Appeals of Texas. Beaumont. April 23, 1923. On Motion for Rehearing, May 10, 1923.)

1. **Telegraphs and telephones ⬤⟲65(6)—Failure to prove special contract pleaded precludes recovery for breach.**

Where plaintiff sought to recover damages against a telegraph company for breach of an alleged special contract to deliver a telegram to the plaintiff at her home several miles outside of the free delivery limits, for which extra services the telegraph company was to be compensated, plaintiff could not recover without proof of the special contract as pleaded, and a general denial was sufficient to put this allegation in issue.

2. **Telegraphs and telephones ⬤⟲37(3), 38(5)—Duty to deliver telegram outside of free delivery limits.**

Telegraph companies have the right to establish free delivery limits in cities and towns

beyond which they will not be required to deliver telegrams unless compensated for such extra service, but the burden is on the telegraph company to ascertain whether the addressee lives beyond such limits and to demand of the sender the extra compensation, and, if they fail to make such demand, they must use reasonable diligence to promptly deliver the message, whether the addressee lives within or without the free delivery limits.

#### On Motion for Rehearing.

3. **Appeal and error ⬤⟲1177(2)—Case tried on incorrect interpretation of pleadings should be remanded unless record shows that pleadings cannot be supported by proof on new trial.**

Where a case is tried on an incorrect interpretation of the pleadings, the judgment should not be rendered on appeal, but the case should be remanded unless the record shows with reasonable certainty that the pleadings cannot be supported by proof on a new trial.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by Mrs. Susie Midgett and husband against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Hume & Hume, of Houston, and Francis R. Stark, of New York City, for appellant.
Murphy & Perry, of Houston, for appellees.

HIGHTOWER, C. J. This suit was brought by Mrs. Susie Midgett, joined by her husband, D. D. Midgett, against the Western Union Telegraph Company for damages for the alleged negligent failure to deliver to Mrs. Susie Midgett a telegram advising her of the death of her father, and requesting her to come at once. The telegram was as follows:

"Cuero, Tex., May 19, 1921.
"Mrs. Susie Midgett, Route A, Box 154B, Houston, Texas: Your father is dead. Come at once. [Signed] J. A. Newman."

Plaintiffs alleged that defendant undertook to transmit the above message from its office at Cuero, Tex., to its office in Houston, Tex., and thence to deliver said message to Mrs. Midgett at her home a few miles distant from the city of Houston, said message to be sent under a contract whereby defendant agreed and bound itself to transmit and deliver said message, charges collect on delivery, and the payment guaranteed by the sender of said message.

In view of the disposition we have decided to make of this appeal, it is well, perhaps, to let this opinion show the allegations of the plaintiffs' petition at length. The material allegations were as follows:

That on May 19, 1921, defendant owned

---

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and operated a line of telegraph, extending from the city of Cuero, De Witt county, Tex., to the city of Houston, Harris county, Tex., and was then and there engaged in the business of transmitting telegrams for hire for the public between said two points on its line of telegraph.

That on said date and about 1 o'clock p. m., Charles S. Scallon, the father of Mrs. Susie Midgett, died at his home near the city of Cuero, Tex.; that thereafter, and about 3 p. m. on said date, the mother of said Mrs. Susie Midgett caused one J. A. Newman to deliver to the agent of appellant, at its office in Cuero, Tex., a certain telegram addressed to Mrs. Susie Midgett at her post office address in said county of Harris, state of Texas, the said post office address of said plaintiff being then and there Route A, Box 154B, Houston, Tex., which said telegram was as follows: (We have already stated the contents of the telegram.)

That defendant's agent at Cuero, Tex., received and accepted said telegram for transmission and delivery to Mrs. Susie Midgett, at the address therein stated, the said telegram then and there being accepted by said agent for transmission and delivery to said Mrs. Susie Midgett, C. O. D., that is, that defendant's usual and customary charge for the transmission and delivery of said telegram was to be paid by the addressee, Mrs. Susie Midgett, upon delivery to her at the address therein stated, the sender of the telegram then and there guaranteeing to defendant that the said charges would be so paid.

That by so receiving and accepting the said telegram for transmission and delivery to said Mrs. Susie Midgett, at the address stated in said telegram, defendant thereby became bound and thereby undertook to transmit and deliver said telegram to said Mrs. Susie Midgett, at said address, and it then and there became the duty of defendant to use reasonable diligence to transmit said telegram from its office in Cuero, Tex., to its office in Houston, Tex., and to tender the same for delivery to said Mrs. Susie Midgett, at the address therein stated, upon payment by her of the usual and customary charges of defendant for such transmission and delivery.

That said telegram was transmitted by appellant from its office in Cuero to its office in Houston, on said May 19, 1921, but that defendant negligently failed to make delivery thereof or to tender same for delivery to Mrs. Susie Midgett within a reasonable time after its receipt at defendant's Houston office; that at the time said telegram was transmitted by defendant from its office in Cuero to its office in the city of Houston, said Mrs. Susie Midgett was then and there residing at the address stated in said telegram, and was, on said May 19, 1921, and May 20, 1921, at her home at said address, and was then and there ready and willing to receive said telegram and pay defendant therefor all reasonable

and customary charges for the transmission and delivery thereof.

That if said telegram had been delivered to appellees or either of them at any time on the afternoon or evening of May 19, 1921, or any time before 8 a. m. on May 20, 1921, appellee would have received same and accepted same and would have paid all charges thereon; that had said telegram been so delivered to said Mrs. Susie Midgett at any time before 8 a. m. on the morning of May 20, 1921, she could and would have reached the home of her said father, in De Witt county, in time to have attended his funeral; that by the use of proper diligence, defendant could have delivered said telegram to said Mrs. Susie Midgett at the address therein stated on May 19, 1921, both plaintiffs being then and there at their said home at the address stated, their said home being located but a few miles from the city of Houston, in Harris county, and upon a much traveled public highway, known as the East Montgomery road, a short distance from the corporate limits of the city of Houston, and upon said Route A, which was and is a rural route from the United States post office in Houston.

That by reason of defendant's negligence in failing to deliver said telegram within a reasonable time, said Mrs. Susie Midgett was prevented from attending the funeral of her said father and from seeing the remains of her father, before the same were interred, to her damage in the sum of $2,000 actual damages.

There was also a prayer for exemplary damages, but this was abandoned on the trial.

The defendant answered by general demurrer and general denial.

The case was submitted to the jury on special issues, in response to which the jury found that defendant was guilty of negligence in failing to promptly deliver to Mrs. Midgett the telegram in question, and also found in her favor for $2,000 actual damages.

As we view the record in this case, the material facts are not in dispute. They show that Mrs. Midgett's father died on May 19, 1921, at his home about five miles east of the town of Cuero, in De Witt county, Tex. On that day and shortly after the death of plaintiff's father, one J. A. Newman, a resident of Cuero, was requested by a daughter of deceased to send a telegram to Mrs. Midgett advising her that her father was dead. Acting upon this request, Newman delivered the telegram in question to defendant's agent at Cuero, for transmission and delivery to Mrs. Midgett, at the address shown in the telegram. As nearly as Newman could remember, the telegram was delivered to the Cuero agent between 7 and 8 o'clock p. m. on the day of Mr. Scallon's death, and Newman paid to appellant's agent at Cuero the charges for the transmission of said mes-

sage to Houston. The material portions of Newman's evidence, in full, was as follows:

"On the day of his (Scallon's) death, I was requested by his daughter to send a telegram to Mrs. Susie Midgett, advising her that her father was dead. In response to the request made on me I delivered a telegram to the agent of the Western Union Telegraph Company, at the San Antonio & Aransas Pass depot, at Cuero, Tex. I did this because the downtown office was closed. The contents of the telegram that I delivered, as above stated, for transmission to Mrs. Midgett, was as follows: (Here the witness described the telegram as we have shown it above.) As nearly as I can remember, the date and time of day that said telegram was delivered to the Western Union agent was between the hours of 7 and 8 p. m. May 19, 1921. I addressed the telegram to the same address that I was given at the time I was requested to send the telegram to Mrs. Susie Midgett. I paid the charges for the transmission of said telegram."

There was no other evidence whatever introduced as to the contract for transmission or delivery of the telegram.

Mr. Midgett testified that on May 19 and 20, 1921, he and his wife resided about two miles beyond the city limits of Houston, on the East Montgomery road, Harris county, Tex.; that on May 19th and 20th they resided at the address, Route A, Box 154B, which was the mail route address stated in the telegram. He further testified that he and his wife were at home on May 19th and 20th; that no telegram was delivered to either of them on either of said dates; that if the telegram had reached either himself or Mrs. Midgett on the evening of May 19, 1921, or the early morning of May 20, 1921, Mrs. Midgett would have been in a position to go to Cuero; that he would have provided money for her making the trip; and that had the message been delivered on the morning of May 20, 1921, at any time before 8 o'clock, Mrs. Midgett could have caught a train from Houston to Cuero and would have done so and would have arrived at Cuero, according to the usual schedule, in time to have attended her father's funeral, which the undisputed testimony shows was had at 4 o'clock p. m. on May 20, 1921.

Mrs. Midgett testified that on May 19 and 20, 1921, she and her husband were living at Route A, Box 154B, mentioned in the telegram; that she received no telegram on either of those dates; that had she received the telegram by 8 o'clock a. m. on May 20th, she would have gone to Cuero on the first train leaving Houston, and would have arrived at Cuero in time to have attended her father's funeral.

The evidence shows that the telegram in question was received at the defendant's Houston office about 9 p. m. on May 19, 1921, and the evidence further shows without dispute that had the telegram been immediately placed in the mail for Mrs. Midgett, she would not have received the same in time to have reached her deceased father before his burial.

Upon these undisputed facts, at the conclusion of the testimony, the defendant requested the court to peremptorily instruct a verdict in its favor, which was refused, and that action is properly assigned here as error. It is appellant's contention, substantially, that there being no evidence to support the averments of appellees' petition as to an agreement, contract, or duty on the part of appellant to deliver the telegram to Mrs. Midgett at her residence several miles beyond the city limits of Houston, appellees failed to show any right of recovery, and that the peremptory instruction was erroneously refused.

As we gather appellees' contention counter to that of appellant just stated, it is that as appellant had answered only by general demurrer and general denial, it could not offer as an excuse for its failure to deliver the telegram in question the fact that appellees lived in the country several miles beyond the city limits of Houston, and that there was no necessity for appellees to prove any more fully than they did the contract for the transmission and delivery of the message in question.

[1] As we construe the appellees' petition, as we have fully stated it above, the appellees sought to recover damages in this case because of appellant's breach of a special contract, by which it bound itself to deliver to Mrs. Midgett, at her home in Harris county, several miles beyond the city limits of the city of Houston, the telegram in question upon the express agreement between the parties that appellant was to be paid the usual and customary compensation for making deliveries of telegrams beyond the limits of the city of Houston. The petition, in our opinion, is subject to no other construction, and, as we have shown, there was no evidence whatever introduced upon the trial proving or tending to prove such special contract. This special contract having been pleaded in the first instance by appellees themselves, they were, in our opinion, required to prove the contract substantially as alleged as against the general denial interposed by appellant, and it was not required that appellant should specially plead as a defense the fact that the message was not delivered because the appellees resided beyond free delivery limits, and that there was no offer to compensate it for making delivery to Mrs. Midgett at her home in the country. We think that the following authorities sustain our conclusion upon this point:

Western Union Telegraph Co. v. Swearingen, 95 Tex. 424, 67 S. W. 767; Western Union Telegraph Co. v. Byrd, 34 Tex. Civ. App. 594, 79 S. W. 40; Western Union Telegraph Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S. W.

549, in which Judge Brown quotes as follows from Gammage v. Alexander, 14 Tex. 418:

"This action purports to be founded on a contract and it is a rule of pleading as old as the science itself that a contract, when sued upon, must be correctly stated, and, if the evidence differ from the statement, the variance is fatal to the action; in other words, the facts constituting the cause of action must be set forth fully and distinctly, and, if not proved as laid, the foundation of the action fails and the plaintiff cannot recover."

Western Union Telegraph Co. v. Shockley, 57 Tex. Civ. App. 30, 122 S. W. 945; Western Union Telegraph Co. v. Kersten (Tex. Civ. App.) 161 S. W. 369, in which case it was said:

"Of course, in the absence of a special contract, the company would not be liable for failure to make delivery beyond the limits of the town or city to which the message was sent, nor beyond the free delivery limits in such town or city."

Klopf v. Western Union Telegraph Co., 100 Tex. 540, 101 S. W. 1072, 10 L. R. A. (N. S.) 498, 123 Am. St. Rep. 831; Western Union Telegraph Co. v. Carter (Tex. Civ. App.) 156 S. W. 332.

As supporting their contention, as we have stated it, appellees have cited the following authorities: Western Union Telegraph Co. v. Harris, 105 Tex. 320, 148 S. W. 284; Western Union Telegraph Co. v. Ayres, 47 Tex. Civ. App. 557, 105 S. W. 1165; Western Union Telegraph Co. v. Parham (Tex. Civ. App.) 152 S. W. 819; Western Union Telegraph Co. v. Wilson, 108 Tex. 375, 194 S. W. 385; Western Union Telegraph Co. v. White (Tex. Civ. App.) 162 S. W. 905.

We have examined the opinion of the court in each of these cases, but we are unable to agree with counsel for appellee that their contention here is sustained by the holding in either of the cited cases. In neither of them did the plaintiff seek to recover against the telegraph company because of the breach on the part of the company of a special contract pleaded in the first instance by the plaintiff, by the terms of which the company contracted to deliver to the addressee a telegram beyond the company's free delivery limits. On the contrary, they were all cases in which the company received and contracted to deliver the message without any provision for extra compensation for delivery beyond the company's established limits; and when sued for failure to make prompt delivery, the company sought to defend the action on the ground that the addressee lived beyond the city or town limits, or the company's free delivery limits in the town or city to which the message was sent, and that therefore, in the absence of a showing by the plaintiff that the company was paid or payment tendered or guaranteed for delivery of such a message, it was contended there could be no recovery against it. Such was the precise contention made by the defendant in Western Union Telegraph Co. v. Harris, supra, but it was denied by Judge Dibrell, who made the following very clear, and as we think sound, disposition of the point:

"We think the legal effect of permitting telegraph companies to prescribe reasonable free delivery districts beyond which they are authorized to make an extra charge for delivering messages, should and does not affect the question of promptness of delivery, except in those cases where a demand is made on the part of the company for the extra fee and the sender fails or refuses to pay such extra charge or guarantee its payment. The burden of ascertaining whether the addressee is within or without the free delivery district must rest upon the company, where the addressee lives within the limits of a town or city. It is not reasonable to suppose the sender of a message is familiar with the limits of the free delivery district prescribed by the telegraph company. The company form the free delivery district and if it wishes to collect the extra fee it is incumbent upon such company to ascertain from the sender the exact location of the sendee and place where the message is to be transmitted. If that be a burden it rests lighter upon the shoulder of the company than upon that of the sender. The district is of its creation, * * * and we are not willing to say that it is incumbent upon the sender of a message to ascertain at his risk the limits of such free delivery district and tender the extra compensation, but the company must determine that fact from the information in its possession or from such information as may be given it by inquiry of the sender or from other sources, and then make demand for the extra charge. If the addressee lives without the free delivery limits and the sender refuses to pay the extra charge or guarantee its payment, then the company would be justified in refusing to make delivery of the message."

[2] This language used by Judge Dibrell was quoted with approval by Chief Justice Phillips in Western Union Telegraph Co. v. Wilson, supra. But the extent of the holding in these cases, as well as all others relied upon by the appellees, is simply this: Telegraph companies, in the proper discharge of their duties to the public, have the right to establish free delivery limits in cities and towns beyond which they will not be required to deliver telegraphic messages, unless compensated for such extra service; but when a message is tendered to them for transmission and delivery, it is their duty to ascertain whether the addressee in the message lives beyond the established free delivery limits, and if so, they may demand of the sender extra compensation for delivery of the message; and where they fail to make such demand they must use reasonable diligence to promptly deliver the message, whether the

addressee lives within or without the established free delivery limits.

The rule established in these cases is unquestionably sound and just, both as concerns the telegraph companies and the public, and we would not for a moment be understood as intimating that any limitation should be placed upon the broad language of Judge Dibrell as to the duties of telegraph companies as found in the Harris Case, supra. What we hold is, however, that in this case the plaintiffs sought to recover damages against the telegraph company for the breach of an alleged special contract made by the company to deliver to the appellee Mrs. Midgett, at her home in the country several miles distant from the city limits of Houston, a telegraphic message upon the understanding and contract that the company was to be compensated for such extra service, and that in this case the proof wholly fails to show any such contract, and that therefore the plaintiffs showed no right to recover in this suit as for breach of the contract pleaded by them without proof of the contract as pleaded.

It follows from these conclusions that the trial court was in error in refusing the peremptory instruction requested by appellant, for which the judgment ought to be reversed and rendered, and it has been accordingly so ordered.

### On Motion for Rehearing.

The appellees in this case have filed a motion for rehearing, in which they earnestly insist that we were in error in the construction placed upon their pleading as shown by our former opinion. We have again given this matter careful consideration, but cannot escape the conclusion that our construction of the pleading was correct. We therefore must adhere to our order that the judgment be reversed.

[3] We have also concluded, however, that we should not render judgment for appellant, but that the cause should be remanded for another trial. As suggested by the motion, it is reasonably clear that the trial court proceeded upon a misconception of the appellees' petition, and treated it as one not based upon a special contract for delivery of the message beyond appellant's free delivery limits. The case having been tried upon an incorrect interpretation of the pleadings, the cause ought to be remanded, unless we are able to say that the record shows with reasonable certainty that appellees will not be able to establish by proof the cause of action made by their pleading, and we cannot so say.

For these reasons, our former order that the judgment be rendered in favor of appellant is here now set aside, and it is now ordered that the judgment be reversed, and the cause remanded.