**WESTERN UNION TELEGRAPH CO. v. COWAN.    (No. 7339.)**

(Court of Civil Appeals of Texas. San Antonio. April 8, 1925. Rehearing Denied April 29, 1925.)

1. **Telegraphs and telephones** ☞66(4)—**Testimony held sufficient to show population requiring free delivery.**

Testimony *held* sufficient to sustain finding that Arlington, Tex., to which telegram was addressed had population of over 5,000 on January 9, 1923, so as to require free delivery within one mile.

2. **Telegraphs and telephones** ☞38(5)—**Burden of ascertaining whether addressee of message lives within or without free delivery limits is on telegraph company.**

Burden of ascertaining whether addressee of message lives within or without free delivery limits is on telegraph company, and the fact must be ascertained and demand for extra charge made accordingly before the message is accepted by the company for delivery.

3. **Telegraphs and telephones** ☞38(5)—**That addressee lived beyond free delivery limits held no excuse for failure promptly to deliver message, in absence of demand for extra compensation.**

That addressee lived beyond free delivery limits *held* no excuse for telegraph company's failure promptly to deliver message, in absence of demand, either on the sender or the addressee, for additional compensation for delivering the message beyond the free delivery limits.

4. **Telegraphs and telephones** ☞68(3)—**Refusal to charge as to nonconsideration of humiliation or disappointment arising from inability to attend funeral held error.**

In action against telegraph company for failure to deliver promptly message conveying news of death of plaintiff's brother, refusal to charge jury not to consider evidence of humiliation or disappointment arising from inability to attend funeral *held* error.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Telegraphs and telephones ⬤═52—Striking portion of answer alleging ability to procure postponement of funeral following delayed message held error.**

In action against telegraph · company for failure promptly to deliver message conveying news of death of plaintiff's brother, striking portion of answer alleging plaintiff's ability to procure postponement of funeral *held* error, as one threatened with damage by reason of negligent conduct of another must exercise reasonable prudence to avert consequences of such neglect.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by W. C. Cowan against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Thompson, Barwise & Wharton, of Fort Worth, Francis R. Stark, of New York City, Fred L. Wallace, of Fort Worth, and Joseph L. Egan, of New York City, for appellant.

Samuels & Brown, of Fort Worth, for appellee.

FLY, C. J. This is a suit for damages based on the failure of appellant to promptly deliver a message conveying to appellee the news of the death of his brother, W. D. Cowan, Sr., in Pecos, Tex. The cause was submitted to a jury on special issues, and upon their responses thereto judgment was rendered in favor of appellee for $1,000, with 6 per cent. interest from date of judgment.

Appellant makes no statement of the material facts in the case, and appellee has filed no brief, and the necessary facts have been gleaned from the statement of facts by this court. On January 9, 1923, W. D. Cowan, a brother of appellee, died in Pecos, Tex., and his widow, at once, delivered to appellant the following message for transmission to appellee at Arlington, Tex.: "W. D. Cowan, Sr., died to-night at six-thirty. Notify Bayless." That message was delivered to appellant and sent out at 7:45 o'clock p. m. January 9, 1922, about 1 hour and 15 minutes after the death of W. D. Cowan, Sr. ' Among the several terms and conditions prescribed by appellant and printed on the reverse side of the message was the following:

"Messages will be delivered free within one-half mile of the company's office in towns of 5,000 population or less and within one mile of such office in other cities and towns. Beyond these limits the company does not undertake to make delivery, but will, without liability, at the sender's risk, as his agent and at his expense, endeavor to contract for him for such delivery at a reasonable price."

There is testimony sufficient to sustain a finding that Arlington had a population of over 5,000 when the message was accepted by appellant, and appellee lived about four-fifths of a mile from the telegraph office. The message was received on the evening of January 9, and was delivered to appellee through the mail on the morning of January 11, 1923. No conversation was held by the agent with Mrs. W. D. Cowan, sender of the message, as to paying extra for delivery. The agent at Pecos knew that the object in sending the message was to give· the party to whom it was sent the opportunity to attend the funeral of his brother. W. D. Cowan, Sr., was buried on the afternoon of January 11, 1923, in Pecos, Reeves county, Tex.

[1] The first assignment of error is overruled. The evidence was sufficient to go before the jury and it would have been error to have instructed a verdict for appellant as requested by appellant. The testimony of the postmaster shows that in December, 1919, the population of Arlington was 5,173, and while Goodman swore that the population was 3,500 in 1923, the jury could have found that no such loss of population could have occurred in Arlington in three years.

[2, 3] Appellee lived within the city limits of Arlington and in less than a mile of the office of appellant. He was well known in Arlington, and yet no effort was made to reach him by telephone or otherwise, and at no time was demand made for extra pay for delivery of the message. The sender of the message was not advised that the addressee was outside the delivery limits, nor was the extra charge demanded. In the case of Telegraph Co. v. Harris, 105 Tex. 320, 148 S. W. 284, which appellant says in its brief contains "a clear cut statement on the subject," it is said:

"We think the legal effect of permitting telegraph companies to prescribe reasonable free delivery districts beyond which they are authorized to make an extra charge for delivering messages should and does not affect the question of promptness of delivery, except in those cases where a demand is made on the part of the company for the extra fee and the sender fails or refuses to pay such extra charge or guaranty its payment. The burden of ascertaining whether the addressee is within or without the free delivery district must rest upon the company, where the addressee lives within the limits of a town or city. It is not reasonable to suppose the sender of a message is familiar with the limits of the free delivery district prescribed by the telegraph company. The company forms the free delivery district and if it wishes to collect the extra fee it is incumbent 'upon such company to ascertain from the sender the exact location of the sendee, in the place where the message is to be transmitted. If that be a burden it rests lighter upon the shoulder of the company than upon * * * the sender. The district is of its creation and for its benefit, and we are not willing to say that it is incumbent upon the sender of a message to ascertain at his risk the limits of such free delivery district and tender the extra compensation, but the company must determine that fact from the information in its possession or from such in-

formation as may be given it by inquiry of the sender or from other sources, and then make demand for the extra charge."

It is clear from this decision that the ascertainment of whether the person to whom the message is to be sent is within the free delivery limits must be made before the message is accepted and a contract to deliver made, and the demand for extra charge must be made then and not after the damage has probably been caused, and probably then made to cover the damages.

That the foregoing is a proper construction of the Harris opinion is clear from the case of Telegraph Co. v. Davis, 24 Tex. Civ. App. 427, 59 S. W. 46, which is approved in the Harris Case. In the Davis Case it was held:

"It was not error to permit witness Rodgers, over objection of defendant, to testify that the agent of defendant in Hico made no inquiry at the time the telegram was sent as to where plaintiff Mrs. Davis lived in Stephenville. If she lived beyond the limit of free delivery, it was the custom to charge extra for delivery and if the extra charge became material, the company should have inquired as to the fact, so that the sender could be advised of the fact, and pay the same, if demanded."

No effort was made to ascertain whether appellee lived within the free limits or not. That duty rested on appellant. No extra fee was demanded of any one, nor was it suggested that one would be required if appellee lived outside the limits. Even after the message was not delivered, no demand was made of the sender or her agent who delivered the message for extra pay. It was not demanded of Sid. Cowan, who swore it would have been paid if it had been demanded. Appellant could after that have delivered the message in time for appellee to have reached Pecos in time for the funeral.

The Harris Case was cited in Telegraph Co. v. Wilson, 108 Tex. 375, 194 S. W. 385, and fully approved, and the court held that no demand for extra charges when the message was received for transmission was made and it constituted no defense for nondelivery that the sendee of the message lived outside the delivery limit. In the case of Telegraph Co. v. Wilson, 108 Tex. 375, 194 S. W. 385, the defense was that the addressee lived without the free delivery limits, and following the Harris Case, it was held to be the duty of the telegraph company to ascertain, before accepting the message, the location of the addressee, and if without the bounds to demand the extra charge. In the absence of such demand, the addressee being outside the free limits offered no defense to a failure to make prompt delivery. Appellant neither alleged nor proved that any demand was made for any extra pay for delivery without the free limits, and that defense is eliminated from this case. Manes v. Case Machine Co. (Tex. Civ. App.) 241 S. W. 757. This holding necessitates the overruling of the second, third, and fourth propositions under assignments of error 7, 9, 10, and 18.

[4] Proposition fifth, under assignments of error 4 and 13, assail the action of the court in refusing to charge the jury that evidence of humiliation or disappointment on the part of appellee on account of not being present at the funeral to mingle and mix with those in attendance should not be considered. The evidence justifying the presentation was drawn out by appellant on cross-examination of appellee, and it was sought by the charge to set aside the effect of the testimony it had elicited. However, such a charge has met with approval in the cases of Buchanan v. Telegraph Co. (Tex. Civ. App.) 100 S. W. 974, and Telegraph Co. v. Vickery (Tex. Civ. App.) 158 S. W. 792. The proposition under those authorities must be sustained.

The sixth proposition is directed against the amount of the verdict, and in view of a reversal need not be considered.

[5] Appellant, through the seventh proposition, under assignments of error 8 and 23, complains of the action of the court in striking out paragraph 15 of the answer wherein it was alleged that appellee could have procured a postponement of the funeral had he so desired after he learned of the death of his brother, but made no effort to do so. We are not peculiarly impressed with the propriety of such a defense in a case of this character, but undoubtedly it is sustained in the case of Telegraph Co. v. Jeanes, 88 Tex. 230, 31 S. W. 186. In that opinion it is said, in a case where a charge on the duty of the receiver of a tardy message had been asked:

"We think the court should have given the requested instruction. One who is threatened with damage by reason of the negligent conduct of another should exercise reasonable prudence to avert the consequences of such neglect. He is bound to use ordinary care 'to render the injury as light as possible,' provided it can be done at a reasonable expense."

The question of the contributory negligence of appellee was not submitted to the jury, although a definition of contributory negligence was requested by appellant and refused.

We overrule propositions 11, 12, 13, and 14.

For the errors indicated, the judgment will be reversed and the cause remanded.